## APPLICATION OF THE INDETERMINATE SENTENCE STATUTE.

Court of Appeals for Franklin County.

FRANCIS v. STATE OF OHIO.

Decided, October 28, 1915.

*Indeterminate Sentence—Not Applicable in Cases of Offenses Committed Prior to Its Passage.*

The indeterminate sentence statute, passed February 13, 1913 (103 O. L., 29), does not apply to prior offenses.

*W. A. James,* for plaintiff in error.

*Robert P. Duncan,* Prosecuting Attorney, for defendant in error.

ALLREAD, J.

Plaintiff in error, Frank Francis, was indicted upon a charge of grand larceny. Upon plea of guilty he was sentenced to imprisonment in the Ohio penitentiary ''for the term of not less than one year, nor more than seven years and that he stand committed until discharged according to law.''

The offense was committed in 1911. The present indeterminate-sentence law was passed in February, 1913. The plaintiff in error was sentenced in December, 1913.

Counsel for plaintiff in error contends that the law providing for indeterminate sentences was *ex post facto* and that the sentence should have been entered according to the law existing at the time the offense was committed.

Section 7388-6, Revised Stauttes, gave discretionary authority to the court to enter an indeterminate sentence. This statute, however, appears to have been repealed by the General Code. It is true that Sections 2160 and 13697, General Code, recognized general sentences, but these sections are consistent with an intention to provide for proceedings in cases of general sentence previously entered. The absence of a provision authorizing a court to sentence an offender for an indefinite period is consistent only with an intention to repeal that provision of Sec-

tion 7388-6, Revised Statutes, and to leave in force the definite-sentence statute. See *State* v. *Toney*, 81 Ohio St., 130.

The indeterminate-sentence act of 1913 should be applied prospectively. It was not intended it would be an *ex post facto* law and to that extent invalid. *In re Lambrecht*, 137 Mich., 450; *In re Marion*, 140 Mich., 219; *People* v. *Fisher*, 144 Mich., 570.

It is contended by the state that the sentence of the court is responsive to Section 12447, General Code, under which the indictment was presented and which provides:

"Whoever steals anything of value is guilty of larceny, and if the value of the thing stolen is thirty-five dollars or more, shall be imprisoned in the penitentiary not less than one year nor more than seven years," etc.

Independent of a statute authorizing indeterminate sentences, the court's duty under this section would be to impose a definite sentence.

In the case of *Picket* v. *The State*, 22 Ohio St., 405, it was held:

"The terms of a sentence of imprisonment ought to be so definite and certain, as to advise the prisoner and the officer charged with the execution of the sentence of the time of its commencement and termination."

That case has been cited with approval in the recent case of *Hamilton* v. *The State*, 78 Ohio St., 76, 85, holding that the termination of the sentence must be definitely fixed in the judgment.

It does not appear that exceptions were noted at the time of sentence and it is probable that the attention of the trial judge was not called to this question. Nevertheless, we think an exception to the sentence was not necessary to preserve the question. *Commercial Bank of Cincinnati et al* v. *Buckingham et al*, 12 Ohio St., 402; *Justice* v. *Lowe*, 26 Ohio St., 372.

The judgment, therefore, in that it fails to fix a definite term for the ending of the sentence, is erroneous.

It follows that the sentence of the court of common pleas should be reversed and the cause remanded with instructions

to so modify the sentence as to fix a definite time for the termination thereof.

Judgment reversed.

FERNEDING, J., and KUNKLE, J., concur.