Day, J.
 

 The sole question for consideration in this case is that of the right of one convicted of a
 
 *380
 
 criminal offense to be sentenced under the law as it existed at the time of the commission of the alleged offense. The facts incident thereto are as follows:
 

 Morris F. Luff was indicted by the grand jury of Cuyahoga county on the 18th day of May, 1923, for the offense of embezzlement. On October 24th of the same year the jury returned a verdict of guilty, and the common pleas court passed the following sentence :
 

 “It is ordered and adjudged by the court that said defendant, Morris F. Luff, be imprisoned and confined in the Ohio State Penitentiary, Columbus, Ohio, for a minimum period of seven years, and that he pay the costs of this prosecution for which execution is awarded.”
 

 The offense of which Luff was. convicted was charged in the indictment to have been committed between January 28, 1919, and May 5, 1919.
 

 At the time of the commission of the alleged offense, Section 2166 of the General ¡Code of Ohio, under which Luff was sentenced, provided as follows :
 

 “Courts in imposing sentences to the Ohio penitentiary for felonies, excepting treason, and murder in the first degree, shall make them general and not fixed or limited in their duration. All terms of imprisonment of persons in the Ohio penitentiary may be terminated by the Ohio board of adminis-. tration as authorized by this chapter, but no such terms shall exceed the maximum, nor be less than the minimum term provided by law for the felony of which the prisoner was convicted. If a prisoner is sentenced for two or more separate felonies, his
 
 *381
 
 term of imprisonment may equal, but shall not exceed, the aggregate of the maximum terms of all the felonies for which he was sentenced and, for the purposes of this chapter, he shall be held to be serving one continuous term of imprisonment. If through oversight or otherwise, a sentence to the Ohio penitentiary should be for a definite term, it shall not thereby become void, but the person so sentenced shall be subject to the liabilities of this chapter, and receive the benefits thereof, as if he had been sentenced in the manner required by this section.”
 

 The above section was amended in 1921 (109 Ohio Laws, p. 64), taking effect July 3d of that year, and as so amended the same provided:
 

 “Courts imposing sentences to the Ohio penitentiary for felonies, except treason, and murder in the first degree, shall make them general, but they shall fix, within the limits prescribed by law, a minimum period of duration of such sentences. All terms of imprisonment of persons in the Ohio penitentiary may be terminated by the Ohio board of administration, as authorized by this chapter, but no such terms shall exceed the maximum term provided by law for the felony of which the prisoner was convicted, nor be less than the minimum term fixed by the court for such felony.”
 

 Plaintiff in error’s alleged offense was committed in 1919, nearly two years before the amendment. It cannot be denied that the accused, if found guilty, had a right to be sentenced under the state of the law existing at the time of the commission of his alleged offense. All crimes in Ohio being statutory, the penalty to be paid was
 
 *382
 
 that exacted hy the statute at the time of the commission of the offense.
 

 By Section ‘26 of the General Code it is provided :
 

 “"Whenever a statute is repealed or amended, such repeal or amendment shall in no manner affect pending actions, prosecutions, or proceedings, civil or criminal, and when the repeal or amendment relates to the remedy, it shall not affect pending actions, prosecutions, or proceedings, unless so expressed, nor shall any repeal or amendment affect causes of such action, prosecution, or proceeding, existing at the time of such amendment or repeal, unless otherwise expressly provided in the amending or repealing act.”
 

 This court, in
 
 C., H. & D. R. Co.
 
 v.
 
 Hedges,
 
 63 Ohio St., 339, 341, 58 N. E., 804, said:
 

 “We regard the principle of that section [Section 79, Revised Statutes; Section 26, General Code] as declaratory of the policy of our law, which forbids giving to a statute retroactive effect, though remedial in character, unless the act contains an express provision to that effect. ’ ’
 

 In
 
 State v. Lawrence,
 
 74 Ohio St., 38, 77 N. E., 266, 6 Ann. Cas., 888, it was held:
 

 “By force of the provisions of Section 79, Revised 'Statutes [Section 26, General Code], the repeal or amendment of a criminal statute in no manner affects pending prosecutions, or causes of prosecution existing at the time of such amendment or repeal, unless it be otherwise expressly provided in the amending or repealing act.”
 

 ■Coming now to the application of Section 2166, General Code; we do not think that the indetermin
 
 *383
 
 ate sentence statute would apply to offenses committed prior to its enactment, nor are we of opinion that offenses committed prior to its amendment would be affected thereby. The act should be applied prospectively. There is nothing in the act to show that it was intended to be retrospective.
 
 Francis
 
 v.
 
 State,
 
 4 Ohio App., 465, 467;
 
 In re Lambrecht,
 
 137 Mich., 450, 100 N. W., 606;
 
 People
 
 v.
 
 Hartzig,
 
 249 Ill., 348, 94 N. E., 525;
 
 People
 
 v.
 
 Moses,
 
 288 Ill., 281, 123 N. E., 634.
 

 The section in question (Section 2166, General Oodej, after amendment, contained the provision:
 

 “If through oversight or otherwise, a sentence to the Ohio penitentiary should be for a definite term, it shall not thereby become void, but the person so sentenced shall be subject to the liabilities of this chapter, and receive the benefits thereof, as if he had been sentenced in the manner required by this section.”
 

 The only change from the old section is the insertion of the word “not,” which probably has no bearing on this question. The state claims that in light of the foregoing provision it would make no difference to the plaintiff in error whether or not the trial court, in passing sentence, through oversight or otherwise, fixed a minimum greater than was permitted under the section as it was before the amendment, because the board of parole could take jurisdiction of his case and consider the same as though he had been sentenced properly under Section 2166 as it was at the date of the commission of the alleged offense.
 

 We are unable to concur in this view, and are of opinion that the accused had a constitutional and
 
 *384
 
 legal right, in the event of his being found guilty for the violation of a statute, to receive such a sentence thereunder as was provided by the laws of the state at the date of the commission of the offense in question. The language, “but the person so sentenced shall be subject to the liabilities of this chapter, and receive the benefits thereof, as if he had not been sentenced in the manner required by this section,” means the benefits of said section as it existed at the date of the alleged offense.
 
 Dennison
 
 v.
 
 State,
 
 32 O. C. A., 317. Again, that portion of Section 2166 only applies when a sentence for a “definite term” has been passed upon the accused. In the case at bar the sentence was not definite, but provides only for a minimum of eight years. By operation of law such a sentence is not “definite” within the meaning of Section 2166, General Code.
 

 We think that the sentence should have been an indeterminate one under Section 2166, General Code, as it was prior to the amendment of July
 
 4,
 
 1921, for a violation of Section 12467 of the General Code, to-wit, imprisonment in the penitentiary not less than one year nor more than ten years.
 

 The judgment of the court is therefore that the cause be remanded to the court of common pleas for the sole purpose of resentencing in accordance with this opinion.
 

 Modification of the judgment ordered to permit remanding for resentence only.
 

 Jones, Allen, Kinkade and Bobinson, JJ., concur.