Marshall, C. J.
 

 This controversy arises out of an alleged embezzlement which is charged as having been committed May 5, 1919, and in this year of grace, 1927, is still occupying the attention of the courts of Ohio, with a fair prospect of being transferred at an early date to the Supreme Court of the United States.
 

 As indicating the woeful state into which criminal practice, procedure, and administration have fallen, and as illustrating the wealth of technicality and the poverty of substance to which counsel may resort and to which courts sometimes lend a willing ear in the administration of criminal justice, a chronology of the high places in the progress of this case has both value and interest:
 

 May 5, 1919, alleged crime committed.
 

 May 18, 1923, indictment returned by the grand jury of Cuyahoga county.
 

 October 24, 1923, trial and verdict of guilty; motion for new trial overruled and sentence pronounced same day.
 

 November 30, 1923, bill of exceptions filed.
 

 December 31, 1923, petition in error filed in the Court of Appeals.
 

 June 23, 1924, judgment affirmed by the Court of Appeals.
 

 July 14, 1924, motion for leave to file petition in error filed in the Supreme Court.
 

 
 *104
 
 December 9, 1924, motion for leave to file allowed.
 

 December 17, 1924, petition in error filed.
 

 February 4, 1925, motion to dismiss petition in error filed.
 

 March 10, 1925, motion sustained. See 112 Ohio St., 102, 146 N. E., 892.
 

 March 14, 1925, application for rehearing filed.
 

 March 23, 1925, rehearing denied.
 

 April 10, 1925, motion to amend petition in error filed.
 

 May 5, 1925, motion to amend petition in error allowed.
 

 May 15, 1925, amendment filed.
 

 October 20, 1925, judgment modified (see 113 Ohio St., 379, 149 N. E., 384), and cause remanded for the sole purpose of resentence.
 

 Thereafter the cause took its course again through the common pleas court and Court of Appeals, and on February 9, 1927, motion for leave to file petition in error was filed in this court.
 

 March 22, 1927, motion overruled.
 

 April 21, 1927, petition in error filed under claim of right.
 

 May 6, 1927, motion to dismiss filed.
 

 June 1, 1927, amended petition in error filed.
 

 The motion for leave to file the petition in error in this court having been overruled on March 22, 1927, the petition in error could only be filed in this court by virtue of the provisions of Section 2 of Article IV of the Ohio Constitution, which provides that this court shall have “appellate jurisdiction in all cases involving questions arising under the Constitution of the United States or of this state.”
 

 
 *105
 
 Pursuant to that constitutional provision this court has promulgated Section 4 of rule 7 of its rules of practice, as follows:
 

 “In any criminal case, whether felony or misdemeanor, involving a debatable question arising under the Constitution of the United States or of this state, a petition in error as of right may be filed as in civil actions.”
 

 The plaintiff in error therefore has no standing in this court unless he has been denied some constitutional guaranty affecting materially his substantial rights. The following quotation from the brief of counsel sets forth the entire claim of plaintiff in error relative to the alleged violation of constitutional inhibitions:
 

 “In the face of that construction our position.is that when this court refused to allow the motion of the plaintiff in error to certify the record of the Court of Appeals it deprived him of ‘due process of law’ and denied to him ‘the equal protection of the laws,’ in violation of the inhibitions of the Fourteenth Amendment to the Constitution of the United States, which provides: ‘Nor shall any state deprive any person of life, liberty or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.’
 

 “It was also in violation of Section 1, Article 1, of the Bill of Rights of our state Constitution, which is equally potent with the Fourteenth Amendment in its guaranty of equality and due process of law. It'provides: ‘Sec. 1. All men are, by nature, free and independent, and have certain inalienable rights, among which are those of enjoying and de
 
 *106
 
 fending life and liberty, acquiring, possessing, and protecting property and seeking and obtaining happiness and safety.’ ” •
 

 "When this controversy was in this court in 1925, it was disposed of by sustaining motion to dismiss the petition in error. The principles of law declared by this court are set forth in the syllabus in the case of
 
 Luff
 
 v.
 
 State of Ohio,
 
 112 Ohio St., 102, 146 N. E., 892, and the “reasons therefor” are found in the opinion following the syllabus. The syllabus and opinion then published need not be repeated, but the opinion is referred to because it indicates that every question now argued was argued at that time by the able counsel who represented Luff at that time. It is true that the sentence pronounced upon Luff was couched in slightly different language, without its effect having been in the least changed, and it is true that since that time there has been a hearing in the Court of Appeals in which it was determined that no written motion for a new trial was filed prior or even subsequent to the time that the court heard arguments and rendered a decision upon the grounds for new trial which were orally presented at the time sentence was pronounced. The additional matters appearing in the new bill of exceptions, which were not contained in the bill of exceptions formerly tendered, have no bearing upon the claim of violation of constitutional inhibitions by reason of this court having “refused to allow the motion of plaintiff in error to certify the record.” By reference to page 106 (146 N. E., 893) of the opinion of Matthias, J., it will be seen that this court disposed of the question of the effect of the failure to
 
 *107
 
 file a written motion for new trial, and at page 107 (146 N. E., 893) of the opinion the discussion shows that the question of denial of due process of law was argued. From that opinion we quote the following :
 

 “The enforcement of limitations of a statute providing for the time and manner of prosecution of error is not a denial of due process of law, and therefore no violation of the provisions of Section 1, Article NTV, of the Constitution of the United States, for it is wholly within the discretion of each state to refuse a review in criminal cases or to grant it upon such terms as it prescribes.”
 

 We will first deal with the failure to file a written motion for a new trial. Section 13746, G-eneral Code, provides:
 

 “The application for a new trial shall be by motion, upon written grounds, filed at the term the verdict is rendered, and, * • * * shall be filed within three days after verdict was rendered, unless unavoidably prevented.”
 

 The requirement that the motion must be “upon written grounds” is in the interest of regularity and to preserve a definite record, but if counsel sees fit to omit the filing of such a written motion, and nevertheless orally argues and invokes and obtains the judgment of the court upon such grounds, he will not thereafter be heard to complain of his own want of diligence. It has not been heretofore and is not now claimed that the failure to file a written motion was an irregularity which affects the validity of the judgment of the trial court, but it is only claimed that the overruling of the motion for a new trial, in the absence of a written motion, causes
 
 *108
 
 a different rule to apply, and gives the accused 40 days within which to file bill of exceptions, instead of 30 days.
 

 The reasoning of counsel upon this point is not persuasive, and would ordinarily not justify discussion, but inasmuch as this cause has been before the court so many years and is now about to be transferred to federal jurisdictions, it may not be out of place to devote a little time and thought to that question.
 

 Section 13680, General Code, is as follows:
 

 “If a defendant feels himself aggrieved by a decision of the court, he may present his bill of exceptions thereto, which the court shall sign, and it shall be made a part of the record, and have like force and effect as in civil cases. If exceptions be taken to the decision of the court overruling a motion for a new trial, because the verdict is not sustained by sufficient evidence or is contrary to law, the bill of exceptions must contain all the evidence. The court shall fix the time within which such bill of exceptions shall be filed, which shall in no case be more than thirty days from the overruling of the motion for a new trial. On the filing of the bill of exceptions the clerk shall forthwith notify the adverse party, or his attorney, of its filing. Within five days after such notice such adverse party may file in the cause any objections or amendments which he proposes to such bill of exceptions; upon the filing of such objections or amendments by the adverse party, or upon the expiration of said five days, or immediately upon the filing of said bill of exceptions, by consent of the adverse party thereon, the clerk shall transmit said bill with all
 
 *109
 
 objections and amendments filed thereto to the trial judge.
 
 Except as herein provided, the rules established for talcing bills of exceptions in civil cases shall govern in criminal cases.
 
 The bill of exceptions shall be filed with the pleadings and papers, but not recorded unless the court for good reason shall so order; and the evidence must not be'recorded. ’ ’
 

 That portion of the section which is printed in italic type is the crux of the matter. It is insisted that the exception governs this case because of the failure to file the written motion. Nowhere in the section is any reference made to a written motion. On the other hand, it is unequivocally stated that the time runs from the “overruling a motion for a new trial.” In civil cases 40 days are allowed for filing a bill of exceptions after the motion for a new trial has been overruled, by virtue of Section 11564, G-eneral Code. Clearly the Legislature intended that the time within which bills of exceptions in all criminal cases should be filed shall be fixed by the court and shall not in any case be more than 30 days from the overruling of the motion for a new trial. The exception which is stated in that portion of Section 13680 printed in italic type does not refer to the
 
 time
 
 of filing, but. to the
 
 rules
 
 for taking bills of exceptions, which are much more elaborately stated in the Code of Civil Procedure than in the Code of Criminal Procedure. In the Code of Civil Procedure the rules established for taking bills of exceptions cover 16 sections, while the same subject is covered in the Code •of Criminal Procedure in the single section. Naturally many of the steps, clerical and otherwise,
 
 *110
 
 which are so fully and elaborately set forth in the Code of Civil Procedure were unnecessary to be repeated in Section 13680, and therefore within the space of three lines a reference -was made to the Civil Code to supply the various clerical procedural steps which were felt to be necessary in addition to those specifically set forth in Section 13680.
 

 Any additions made to the record in this controversy by the later proceedings in the court of common pleas or Court of Appeals, after the former proceeding in this court whereby the petition in error was dismissed, have been vain and fruitless. Those additions to the record could serve no purpose unless Section 13680 should be so interpreted as to give 40 days for filing the bill of exceptions, instead of 30.
 

 Another argument made by counsel for plaintiff-in error is that Section 13680 was amended after the indictment was returned and before the time of trial, whereby the time within which a bill of exceptions might be filed was reduced from 40 days to 30 days, and it is therefore urged that Section 2 of the amendment, making it apply to all pending criminal actions, prosecutions, and proceedings, and all causes of such action, prosecution, and proceeding existing at the time of such amendment, is retroactive. We confess that we find some difficulty in following counsel upon this point, because the following is quoted from the brief:
 

 “Upon the record then before the court, no fault or criticism can be found or made with respect to the conclusion reached by this court in
 
 Luff
 
 v.
 
 State,
 
 112 Ohio St., page 102 [146 N. E., 892].”
 

 If Section 2 of the amendment is retroactive now it must have been retroactive at the time the peti
 
 *111
 
 tion in error was dismissed on the ground of not having been filed within 30 days, as required by the amendment.
 

 It has been definitely settled by this court that when an amendment relates to the remedy, it shall not be regarded as retroactive, if it is expressly provided in the amendment that pending causes shall be so affected. Section 26 of the General Code so provides, and that section has been upheld and applied in
 
 Bode, Admx.,
 
 v.
 
 Welch,
 
 29 Ohio St., 19;
 
 State, ex rel. Sheets, Atty. Gen.,
 
 v.
 
 Mt. Hope College Co.,
 
 63 Ohio St., 341, 58 N. E., 799, 52 L. R. A., 365;
 
 State
 
 v.
 
 Lawrence,
 
 74 Ohio St., 38, 77 N. E., 266, 6 Ann. Cas., 888, and other cases. It requires no argument to show that the limitation of time within which a bill of exceptions shall be prepared and filed relates to the remedy. It cannot in any event be regarded as a violation of constitutional inhibitions. This proposition was discussed and disposed of in the hearing of this controversy in 1925, but, inasmuch as it is again urged before the court on this second and forced review of it, it may not be out of place to refer to a few authorities which definitely dispose of the proposition that a right of review in criminal cases by an appellate court is not a necessary element of due process.
 

 The highest authority for determining the scope of the due process clause of the Fourteenth federal Amendment is of course the Supreme Court of the United States. In
 
 Andrews
 
 v.
 
 Swartz,
 
 156 U. S., 272, 15 S. Ct., 389, 39 L. Ed., 422, it was held:
 

 “A
 
 review by the appellate court of a state of a final judgment in a criminal case is not a necessary element of due process of law, and may be granted,
 
 *112
 
 if at all, on such terms as to the state seems proper.”
 

 In
 
 McKane
 
 v.
 
 Durston,
 
 153 U. S., 684, 14 S. Ct., 913, 38 L. Ed., 867, it was stated at page 687 (14 S. Ct., 915) of the opinion:
 

 b “An appeal from a judgment of conviction is not a matter of absolute right, independently of constitutional or statutory provisions allowing such appeal. A review by an appellate court of the final judgment in a criminal case, however grave the offense of which the accused is convicted, was not at common law and is not now a necessary element of due process of law. It is wholly within the discretion of the state to allow or not to allow such a review.”
 

 Other authorities supporting the same proposition are:
 
 United States
 
 v.
 
 Heinze,
 
 218 U. S., 532, 31 S. Ct., 98, 54 L. Ed., 1139, 21 Ann. Cas., 884;
 
 Frank
 
 v.
 
 Mangum,
 
 237 U. S., 309, 35 S. Ct., 582, 59 L. Ed., 969;
 
 Reetz
 
 v.
 
 Michigan,
 
 188 U. S., 505, 23 S. Ct., 390, 47 L. Ed., 563;
 
 Kohl
 
 v.
 
 Lehlback,
 
 160 U. S., 293, 16 S. Ct., 304, 40 L. Ed., 432.
 

 The same principle has been declared by numerous courts of last resort throughout the states. Even if that proposition should be held to be unsound, there has been no prejudice to plaintiff in error in this case. When this conviction was before the Court of Appeals in 1924, a motion to dismiss was filed by the state, but the court nevertheless considered the error proceeding upon the pleadings and the transcript of the record in the court of common pleas and the arguments of counsel, and upon all the assigned errors the court reached the conclusion that substantial justice had been done the party complaining and therefore
 
 *113
 
 affirmed the judgment of the court of common pleas. Luff has therefore had one full review of the entire record in the Court of Appeals. He has had a partial review of the record in this court and was awarded a modification of the judgment. He has later had a review in the Court of Appeals and the entire record as it now stands was submitted to this court on March. 22, 1927, upon motion for leave to file a petition in error.
 

 While the alleged errors complained of have no relation to due process, it further appears that the grounds urged have no existence in fact.
 

 It should be added that when this court modified the judgment of the trial court in 1925, the cause was remanded to the trial court for the sole purpose of resentence. The record now contains one or two additional matters which were not in the record in 1925, but they are immaterial to the constitutional questions now engaging the attention of the court. We are at this time only concerned with the ¡matter of due process and equal protection of the laws. Due process of law involves only the essential rights of notice and hearing, or opportunity to be heard before a competent tribunal. Luff has. had his hearing before a competent tribunal after due notice. He has had one complete review in the Court of Appeals. We therefore find no violation of the provisions of either the state or federal Constitutions.
 

 The motion to dismiss the petition in error will therefore be sustained.
 

 Cause dismissed.
 

 Allen, Kinkade, Jones and Matthias, JJ., concur.