Ross, J.
Two contentions are advanced by the defendant. First, that he was entitled as a matter of right to appeal to the Court of Appeals regardless of when notice of such appeal was filed, and, second, that the Court of Appeals was guilty of an abuse of discretion in failing to grant leave to appeal.
As to the first contention of the defendant, it is in effect that any attempt by the General Assembly to curtail an unlimited right of appeal from a sentence of death violates the due process clause of the federal Constitution. This question is not a novel one. In the case of Luff v. State, 117 Ohio St., 102, 157 N. E., 388, it is stated in paragraph four of the syllabus:
“Due process of law involves only the essential rights of notice, hearing or opportunity to be heard before a competent tribunal. An appeal from a judgment of conviction is not a matter of absolute right independently of constitutional or statutory provisions allowing such appeal. It is wholly within the discretion of the state to allow or not to allow such a review and may be granted on such terms and conditions as to the legislature seems proper.”
In a previous hearing involving that same cause, Matthias, J., stated as follows in Luff v. State, 112 Ohio St., 102, 107, 146 N. E., 892:
“The enforcement of limitations of a statute providing for the time and manner of prosecution of er *179 ror is not a denial of due process of law, and therefore no violation of the provisions of Section 1, Art. XIV of the Constitution of the United States, for it is wholly within the discretion of each state to refuse a review in criminal cases or to grant it upon such terms as it prescribes. 12 Corpus Juris, 1209, and numerous cases cited.”
The General Assembly having taken no action affecting the jurisdiction of the Courts of Appeals upon review in criminal cases since the adoption in 1944 of amendments to Sections 2 and 6 of Article IV of the Constitution of Ohio, the provisions of such article of the Constitution as they appear in the Constitution of 1912 control the jurisdiction of the Courts of Appeals in matters concerning the review of judgments of the Courts of Common Pleas in criminal cases. Youngstown Municipal Ry. Co. v. City of Youngstown, 147 Ohio St., 221, 70 N. E. (2d), 649; Jelm v. Jelm, 155 Ohio St., 226, 237, 98 N. E. (2d), 401.
Under the provisions of Section 6, Article IV of the Constitution of Ohio, as it existed in 1912, Courts of Appeals were given jurisdiction to review, affirm, modify, or reverse judgments of the Courts of Common Pleas, “as may be provided by law.”
It is stated as follows in the syllabus of Bauer v. Grinstead, 142 Ohio St., 56, 50 N. E. (2d), 334:
“1. The jurisdiction of the Courts of Appeals is prescribed by Section 6, Article IV of the Constitution.
‘ ‘ 2. The General Assembly has no power to enlarge or limit the jurisdiction of such courts except as such .power is granted by the Constitution, but may determine and prescribe the method of exercising that jurisdiction. ’ ’
In 2 Ohio Jurisprudence, 45, are found many other cases which support that statement.
In Section 13459-1 et seq., General Code, the Gen *180 eral Assembly has prescribed procedural requirements for effecting review by Courts of Appeals of judgments of tbe Courts of Common Pleas in criminal cases, and such procedural requirements are mandatory. The right to review of a judgment in a criminal case is dependent upon compliance with such procedural requirements and no exception is made in a capital case. Eastman v. State, 131 Ohio St., 1, 1 N. E. (2d), 140.
In Municipal Court of Toledo v. State, ex rel. Platter, 126 Ohio St., 103, 184 N. E., 1, it is stated in the syllabus:
“1. Criminal procedure in this state is regulated entirely by statute, and the state has thus created its system of criminal law covering questions of crime and penalties, and has provided its own definitions and procedure.”
The General Assembly having granted the right to appeal from a sentence in a criminal case, certainly the manner in which and the time when such appeal shall be perfected are wholly matters of procedure.
A person convicted of murder in the first degree and sentenced to death has the right to appeal to the Court of Appeals within 30 days after such sentence and judgment. After that time has elapsed such an appeal may be had only by leave of such Court of Appeals or of two judges thereof.
In Section 13459-4, General Code, it is provided:
“Such appeal, unless otherwise provided, may be filed as a matter of right within thirty days after sentence and judgment. After thirty days from such sentence and judgment such appeal may be filed only by leave of the court or two of the judges thereof. ’ ’
This statute, with Section 13459-3, General Code, determines the procedure by which an appeal in a criminal case may be perfected. In fixing a time limit on the perfecting of an appeal as of right the General *181 Assembly in no way infringes any constitutional right possessed by a defendant. The General Assembly might have stopped with allowing an appeal as of right within 30 days and still have been fully within the scope of constitutional provisions. That it extended the right of appeal by leave of court is not to be considered in any way a modification of legislative-right to prescribe procedure in appeals in any criminal case.
It is to be noted that the General Assembly made no exception in the case of appeals from sentences in which the death penalty is imposed, although it must be acknowledged that the General Assembly had capital cases within its consideration, for it is to be noted that in Section 13459-7, General Code, a distinction is made as to such cases.
In the case before us, the defendant did not avail himself of the provisions giving him an appeal as of right. He, therefore, must rely upon the alternative provision permitting an appeal when leave is given by the Court of Appeals. It is to be noted again that here the General Assembly, where leave must be first secured, made no distinction between ordinary crimes and those which carry with them a death sentence. The Court of Appeals is left free to grant the appeal or refuse it. It may be seriously doubted whether under such authority the conclusion of the Court, of Appeals can ever be questioned. However, the defendant charges that the Court of Appeals abused its discretion in refusing permission to appeal.
Let us examine the record before this court, such as it is.
No bill of exceptions was ever filed, and, therefore, was not before the Court of Appeals and is not before this court.
Much, if not all, of the argument of counsel for the *182 defendant is predicated upon allegations which only can be supported by a bill of exceptions, and are not supported by anything before this court.
We do know that the defendant was convicted of murder in the first degree, with no recommendation of mercy, after a trial before a jury; that he was an indigent defendant and had two counsel appointed to defend him; that a motion for new trial was made and overruled; that new counsel, some four months after sentence, appeared and -sought leave of the Court of Appeals to appeal; and that such application was denied.
Nothing in the record before this court indicates what was presented to the Court of Appeals, other than that it had before it a transcript of the docket and journal entries of the Court of Common Pleas. It was aware that no bill of exceptions had been filed or ever could be filed. Luff v. State (117 Ohio St.), supra.
What could the Court of Appeals have considered even if permission to appeal had been granted?
No suggestion has been made to this court of any error occurring during the proceedings in the trial court, which would not have required a bill of exceptions to substantiate. Before the Court of Appeals it was made to appear only that there was a verdict of a jury, an overruling of a motion for new trial, and that the defendant had two counsel who had not perfected an appeal as of right within the time prescribed by the statutes for that action.
If this court is to find abuse of discretion in this case, then it is solely because the defendant, an indigent, was sentenced to death. If this court should so conclude, there would be in effect a finding that the framers of both federal and state Constitutions, as well as the General Assembly, abused discretion in not providing that such an appeal from such sentence might *183 be filed without any limitation as to time. That such provision has not been made must be conclusive that cases in which the right of appeal could and should be denied were within the purview of those forming the law.
We are not concerned with the wisdom of those responsible for the absence of such permissive legislation. If defect there be, the burden rests upon the lawmakers, not upon the courts.
One other consideration impels us to the conclusion that the judgment of the Court of Appeals must be affirmed, and that is the principle stated as follows in the case of Jaffrin v. Di Egidio, 152 Ohio St., 359, 366, 89 N. E. (2d), 459:
“While we are not favored with an opinion by the Court of Appeals it is our duty to assume that such court acted in accordance with law unless the record shows the contrary.
“As stated in 2 Ohio Jurisprudence (App. Rev., Pt. 2), 1015, Section 565:
“ ‘No rule with relation to Ohio appellate courts is better settled than the fundamental principle that in appeals on questions of law, all reasonable presumptions consistent with the record will be indulged in favor of the validity of the judgment or decision under review, and of the regularity and legality of the proceedings below. This is in accordance with the old maxim * * * (all things are presumed correctly and with due formality to have been done until it is proved to the contrary).’ ”
In the final entry of the Court of Appeals is the clear declaration that the “defendant appellant has failed to show cause why such leave to appeal should be granted.”
The record before this court is devoid of the slightest vestige of fact indicating that such conclusion of *184 the Court of Appeals was not justified by what was presented or not presented to it. The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman and Matthias, JJ., concur.
Middleton, J., concurs in paragraphs one, five, six and seven of the syllabus and in the judgment.
Stewart, J., concurs in paragraphs one, two, three, four, five and six of the syllabus but dissents from the judgment.
Ross, J., of the Court of Appeals of the First Appellate District, sitting by designation in the place and stead of Hart, J.