OPINION
{¶ 1} Bradley Rogan entered pleas of guilty to two fourth degree felonies, two fifth degree felonies, and on first degree misdemeanor. He was sentenced to concurrent sentences of seventeen months on the fourth degree felonies, eleven months on the fifth degree felonies, and six months on the first degree misdemeanor.
 {¶ 2} Rogan assigns error as follows:
 {¶ 3} "The trial court violated defendant's right to due process of law under both the U.S. and the ohio constitutions by sentencing defendant to more than the minimum time in prison without specifically stating why."
 {¶ 4} The felony sentences are not minimum sentences. In sentencing Rogan, the court stated:
 {¶ 5} "The shortest term is not imposed because the shortest term demeans the seriousness of the offenses and does not adequately protect the public."
 {¶ 6} Rogan concedes that this pronouncement satisfied R.C.2929.14(B)(2) and State v. Edmundson (1999), 86 Ohio St.3d 324. Nevertheless, Rogan asserts that due process entitled him to a "meaningful analysis" of why the shortest term would demean the seriousness of the offense and would not adequately protect the public. He suggests that we revisit Edmundson.
 {¶ 7} Rogan's assertion that due process requires "meaningful analysis" of the trial court's statutory findings is entirely conclusory and unpersuasive.
 {¶ 8} Rogan was informed of the sentencing ranges by the statutes in question and by the trial court when he entered his guilty pleas. At sentencing, he and his attorney addressed the trial court before sentence was pronounced. As the State observes, citing Luff v. State (1917),117 Ohio St. 102, syllabus, para. 4, "(d)ue process of law involves only the essential rights of notice, hearing or opportunity to be heard before a competent tribunal." Due process was afforded here.
 {¶ 9} Finally, it is not for us to revisit Edmundson, it being a supreme court opinion.
 {¶ 10} The assignment of error is overruled.
 {¶ 11} The judgment will be affirmed.
Fain, J. and Donovan, J., concur.