OPINION
{¶ 1} Andrew Watters pled guilty as charged to felonious assault, a second degree felony, and domestic violence, a fifth degree felony. He was sentenced to concurrent sentences of four years on the felonious assault charge and six months on the domestic violence charge.
 {¶ 2} Watters assigns error as follows:
 {¶ 3} "The trial court violated defendants right to due process of law under both the U.S. and Ohio constitutions by Sentencing defendant to more than the minimum time in prison without specifically stating why."
 {¶ 4} The sentencing range for a second degree felony is 2-8 years. In sentencing Watters to four years, the trial court said "(t)he shortest term was not imposed because the shortest sentence demeans the seriousness of the offense and does not adequately protect the public."
 {¶ 5} Watters concedes that this pronouncement satisfied R.C.2929.14(B)(2) and State v. Edmundson (1999), 86 Ohio St.3d 324. Nevertheless, Watters asserts that due process entitled him to a "meaningful analysis" of why the shortest term would demean the seriousness of the offense and would not adequately protect the public. He suggests that we revisit Edmundson.
 {¶ 6} Watters' assertion that due process requires "meaningful analysis" of the trial court's statutory findings is entirely conclusory and unpersuasive.
 {¶ 7} Watters was informed of the sentencing ranges by the statutes in question and by the trial court when he entered his guilty pleas. At sentencing, he and his attorney addressed the trial court before sentence was pronounced. As the State observes, citing Luff v. State (1917),117 Ohio St. 102, syllabus, para. 4, "(d)ue process of law involves only the essential rights of notice, hearing or opportunity to be heard before a competent tribunal." Due process was afforded here.
 {¶ 8} Finally, it is not for us to revisit Edmundson, it being a supreme court opinion.
 {¶ 9} The assignment of error is overruled.
 {¶ 10} The judgment will be affirmed.
Fain, J. and Donovan, J., concur.