[Cite as *Dibble v. Dibble*, 2011-Ohio-5803.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| NANCY DIBBLE, | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellant, | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| v. | : |  |
|  | : | Case No. 2011-CA-00072 |
| DANIEL DIBBLE, | : |  |
|  | : |  |
| Defendant-Appellee. | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Civil appeal from the Stark County Court of
                            Common Pleas, Domestic Relations
                            Division, Case No. 07DR00291

JUDGMENT:                   Affirmed in part; Reversed in part and
                            Remanded


DATE OF JUDGMENT ENTRY:     November 7, 2011


APPEARANCES:

For Plaintiff-Appellant                 For Defendant-Appellee

STEPHEN P. HANUDEL                      SUSAN PUCCI
326 North Court Street                  4429 Fulton Drive N.W., Ste. 100
Medina, OH 44256                        Canton, OH 44718

*Gwin, P.J.*

{¶ 1} Plaintiff-appellant Nancy Dibble appeals a judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, which sustained the motion of defendant-appellee Daniel Dibble to dismiss her motions for change of custody and to modify visitation. The court also modified child and spousal support. Appellant assigns three errors to the trial court:

{¶ 2} "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DETERMINED CHILD SUPPORT AND SPOUSAL SUPPORT WITHOUT HOLDING AN EVIDENTIARY HEARING.

{¶ 3} "II. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW WHEN IT DISMISSED APPELLANT'S MOTION FOR CUSTODY AND MOTION TO RESTORE VISITATION OF HER CHILDREN.

{¶ 4} "III. THE TRIAL COURT'S DETERMINATION OF CHILD SUPPORT AND SPOUSAL SUPPORT WITHOUT AN EVIDENTIARY HEARING AND DISMISSALS OF APPELLANT'S MOTION FOR CUSTODY AND MOTION TO RESTORE VISITATION VIOLATED APPELLANT'S DUE PROCESS RIGHTS UNDER THE UNITED STATES CONSTITUTION AND OHIO CONSTITUTION."

{¶ 5} The record indicates the parties were divorced in June of 2008, and appellee was named residential parent of the parties' three children, then age 16 ½, 13, and 7½. The eldest has subsequently turned 18 and graduated high school; this appeal involves only the two younger children.

{¶ 6} On October 21, 2009, appellant filed a motion captioned: "Motion for Further Orders". It asked the court to restore visitation, which had been modified as to

the youngest child and terminated as to the two older children. It asked the court to restore spousal support, which had been terminated because appellee was on disability. The motion raised other issues not relevant to this appeal. In November 2009, the parties agreed to a visitation schedule with the youngest child.

{¶ 7} In January of 2010, appellant moved the court to conduct an in-camera interview with each child, separately, to address the issues stated in her Motion for Further Orders.  The court overruled the motion, stating the matter had been set for hearing.  Appellant filed a motion to reconsider, which was also denied.

{¶ 8} In March of 2010, the Stark County Child Support Enforcement Agency entered an administrative order requiring appellant to pay child support of $445.86 plus medical insurance or $311.19 plus $73.75 cash medical support if insurance was not available.  Appellee then filed a motion for relief from his obligation to pay spousal support.

{¶ 9} On August 9, 2010, a magistrate reviewed and ruled on various issues, but found the financial issues were not ripe, because of appellee's problems with P.E.R.S. over his disability payments.

{¶ 10} On November 17, 2010, the magistrate entered a decision finding all the necessary child support worksheets had been filed.  The magistrate directed appellant to present evidence regarding spousal support within seven days of the order, and thereafter, appellee would have seven days to respond. In December 2010, the magistrate reduced the amount of spousal support appellant was to receive and increased her child support obligation.  The following day, appellant moved for a change of custody.

{¶ 11} Appellee moved to dismiss the motion for custody, and the matter was heard by a magistrate who found the children's counselor had not yet filed a report. No decision was made on the change of custody and visitation pending receipt of the counselor's report. One of appellee's objections to the magistrate's decision was the failure of the magistrate to rule on his motion to dismiss.

{¶ 12} On March 9, 2011, the trial court dismissed appellant's motions for change of custody and for modification of visitation, finding it did not have jurisdiction over the matter. The court also found that appellant had not shown a change in circumstances since the prior order had been entered. Appellant's objections to the magistrate's decision regarding spousal support and child support requested a de novo hearing. The court adopted the magistrate's decision regarding spousal and child support without conducting a hearing, and appellant filed her appeal.

I, II, & III

{¶ 13} Because appellant's assignments of error are interconnected, we will address them together. In her first assignment of error, appellant argues the court abused its discretion in determining child and spousal support without holding an evidentiary hearing. A portion of her Assignment of Error III also challenges the court's decision on Due Process grounds. We find the court did not err in declining to conduct a hearing on the issues of spousal and child support, and proceeding instead on the documentary evidence presented to the magistrate.

{¶ 14} Appellant's original motion for modification of child and spousal support requested a hearing, but appellant did not renew her request when the magistrate ordered the parties to submit written arguments and documents. Her objections to the

magistrate's decision asserted there were discrepancies in the evidence the parties submitted, and she asked the court to conduct a de novo hearing to resolve the conflicts. Appellant also attached additional documents about appellee's employment to her objections.

{¶ 15} Civ. R. 53(D)(3)(b)(ii) requires parties to state with specificity and particularity all grounds for an objection to the magistrate's decision. Assuming, arguendo, that appellant's objections met this standard, Civ. R. 53(D)(4)(b) permits the court to conduct a hearing, to take additional evidence, or to remand the matter to the magistrate. Subsection (d) provides the court may refuse to take further evidence unless the objecting party demonstrates the party could not, with reasonable diligence, have produced the evidence for the magistrate's consideration.

{¶ 16} Appellant's objections assert if the court conducted a de novo hearing, she would present testimony which would demonstrate why appellee was no longer employed. The documents she attached to the objections outline these circumstances. Essentially, appellant argued appellee was voluntarily unemployed, despite the fact he was on PERS disability.

{¶ 17} We find appellant did not demonstrate she could not have presented this evidence to the magistrate, and the evidence she presented to the magistrate did include appellant's allegations and documents regarding appellee's employment status. We conclude the court did not err in declining to conduct a de novo hearing on the issues of child and spousal support.

{¶ 18} We find the court did err in failing to conduct evidentiary hearings on the motions for custody and to modify visitation. Appellant requested an evidentiary hearing

on her motions for custody and visitation. The court found because she did not file an affidavit pursuant to RC. 3127.23, it lacked jurisdiction over the matters, and dismissed the motions.

{¶ 19} In the recent case of *Dole v. Dole*, Holmes App. No. 10-CA-013, 2011-Ohio-1314, this court cited the case of *In Re: Complaint for Writ of Habeas Corpus for Goeller: Moore v. Goeller,* 103 Ohio St.3d 427, 2004–Ohio–5579, 816 N.E.2d 594, wherein the Ohio Supreme Court held the failure of a party to file a UCCJA affidavit did not divest a juvenile court of subject matter jurisdiction to determine custody of a minor child.

{¶ 20} In *Goeller,* the Supreme Court found the requirement that the affidavit must be filed in the first pleading has been "relaxed" by numerous courts of appeals to allow amended pleadings or subsequent filings to include the required affidavit**.** *Goeller* at paragraphs 9–11, citations deleted. The Court found the purpose of the UCCJA is to avoid jurisdictional competition and conflict with courts of other jurisdictions**.** *Goeller* at paragraph 12, citing *In re: Palmer* (1984), 12 Ohio St.3d at 196, 12 OBR 259, 465 N.E.2d 1312**.** The Supreme Court advised us that *Palmer* stood for the proposition that a mechanistic interpretation of the statute would not only contravene the clear intent of the legislature but could potentially render Ohio's custody statutes a nullity. *Dole* at paragraph nine.

{¶ 21} We conclude the court erred in finding it lacked jurisdiction over these motions.

{¶ 22} Despite finding it lacked jurisdiction over the matter, the trial court did review the motion, and found appellant had failed to set forth facts constituting a change in circumstances since the prior order.  We do not agree.

{¶ 23} R.C. 3109.04 requires a showing change in circumstances before a court may modify custody. In *Davis v. Flickinger*, 77 Ohio St. 3d 415, 1997-Ohio-260, 674 N.E.2d 1159, the Ohio Supreme Court discussed what the phrase "change in circumstances" involved. The Court warned the change must not be slight or inconsequential, because the legislature's intent was to spare children from being entangled in a "tug of war" between parents, and requiring a change in circumstances provides some stability for the children. Id. at p. 418, citation deleted. For this reason, an appellate court should not reverse a trial court's decision unless we find the court abused its discretion. Id.

{¶ 24} The *Davis* Court listed facts which, taken individually, may or may not constitute a substantial change in circumstances, but should be considered. The factors in *Davis* included remarriage of the residential parent, the maturing of the child over time, and which parent would facilitate visitation or if there is hostility and resentment over visitation. The trial court must also consider whether the harm likely to be caused by a change of environment is outweighed by the advantages of such a change. The Court reminded us the goal must always be to promote the best interest of the child. Id at 420.

{¶ 25} The order naming appellee the residential parent was entered in June, 2008, and it is against this order we must compare the allegations of change in circumstances.  Appellant's affidavit in support of her motion states that most recently

the younger child's teachers have noted problems with hygiene and failure to complete work. Appellant alleges the teachers expressed worry about his future performance as the concepts in his studies build and layer upon one another. Although this has apparently been of some concern throughout the case, nevertheless as the child becomes older, his schooling takes on added complexity and importance.

{¶ 26} Appellant alleges appellee and the children live with appellee's girlfriend and her two teenage children, which has a detrimental effect on the youngest child, who is considerably younger than all the others. The record does not show when appellee's girlfriend and her children became members of the household. The guardian ad litem reports submitted to the court in October, 2008, mentions the girlfriend and her sons, but states they have independent housing.

{¶ 27} In her July, 2010 report the guardian ad litem stated appellee rented a four bedroom house in August 2009. The report mentions the girlfriend and her two sons, aged 16 and 17, presently live with appellee and his family, but does not indicate when they first moved into appellee's home. The counselor who was working with the children first refers to the girlfriend and her children living with appellee in her letter of January 4, 2011. Thus, it appears the girlfriend and her sons did not reside in the same house as appellee and his children at the time of the original custody order.

{¶ 28} The addition of other persons to the home and/or a change in the structure or dynamics of the family is a consideration, and may evolve over time as the children become older. We find appellant has alleged a change in circumstances in this regard.

{¶ 29} Additionally the trial court overruled appellant's request to interview the children. In *Oyler v. Oyler*, Stark App. No. 2011-CA-00065, 2011-Ohio-4390, this court

found R.C. 3109.04 requires a court to conduct an interview in chambers with any or all the children if requested by either party. Even though the court had reports from the counselor and the guardian ad litem, it should not have refused to interview the children in camera.

{¶ 30} We find appellant's motion meets the threshold requirement of demonstrating there has been a change in circumstances, sufficient for the court to review the custody and visitation issues. We find the trial court erred in dismissing the matters without conducting a hearing and particularly without interviewing the children in camera. We stress that our opinion is only that the court should have conducted a hearing and interviews with the children, and we do not address whether there was in fact a change in circumstances sufficient to satisfy the *Davis* standard. We have not reviewed the merits of the motions.

{¶ 31} Finally, appellant argues the court violated her due process rights by failing to conduct a hearing on her motions for modification of custody and visitation. "The fundamental requirement of procedural due process is notice and hearing, that is, an opportunity to be heard." *Korn v. Ohio State Medical Board* (1988), 61 Ohio App.3d 677, 684, 573 N.E.2d 1100, citing *Luff v. State* (1927), 117 Ohio St. 102, 157 N.E. 388. Here the court stated it dismissed the matters for lack of jurisdiction, but it also reviewed the motions, finding they did not state a change in circumstances. On the facts of this case, we cannot find the court's failure to conduct a hearing rises to the level of a violation of appellant's constitutional rights.

{¶ 32} In conclusion, the first assignment of error is overruled. The second assignment of error is sustained, and the third assignment of error is sustained as it

relates to the motion for custody and to restore visitation, and overruled as it relates to the issues of child and spousal support.

{¶ 33} For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, is affirmed in part and reversed in part and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion.

By Gwin, P.J.,

Farmer, J., and

Delaney, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER

_____
HON. PATRICIA A. DELANEY

[Cite as *Dibble v. Dibble*, 2011-Ohio-5803.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

NANCY DIBBLE,                          :
                                       :
              Plaintiff-Appellant,     :
                                       :
                                       :
v.                                     :        JUDGMENT ENTRY
                                       :
DANIEL DIBBLE,                         :
                                       :
                                       :
              Defendant-Appellee.      :        CASE NO. 2011-CA-00072


        For the reasons stated in our accompanying Memorandum-Opinion, the judgment of

the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, is

affirmed in part and reversed in part and the cause is remanded to the court for further

proceedings in accord with law and consistent with this opinion.   Costs to be split

between the parties.




                                       _____
                                       HON. W. SCOTT GWIN


                                       _____
                                       HON. SHEILA G. FARMER


                                       _____
                                       HON. PATRICIA A. DELANEY