[Cite as *Crawford v. Ohio Dept. of Health*, 2021-Ohio-4302.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

DAVID J. CRAWFORD ET AL.,

Appellant,

v.

OHIO DEPARTMENT OF HEALTH,

Appellee.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 21 MA 0033

---

Civil Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 20 CV 462

**BEFORE:**
David A. D'Apolito, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Luther L. Liggett, Jr.* 5053 Grassland Drive, Dublin, Ohio 43016, for Appellant and

*Atty. David A. Yost,* Ohio Attorney General, and *Atty. Vivian Phillips Tate,* Principal Assistant Attorney General, Ohio Attorney General's Office, 30 East Broad Street, 26th Floor, Columbus, Ohio 43215, for Appellee.

Dated:  December 1, 2021

_____

**D'Apolito, J.**

{¶1}    Appellant, David J. Crawford, appeals from the March 10, 2021 judgment of the Mahoning County Court of Common Pleas affirming an administrative decision imposing a one-year suspension of his lead abatement contractor's license due to noted violations.   On appeal, Appellant asserts the trial court (1) erred in determining that Appellee, Ohio Department of Health ("ODH") provided him with legally sufficient notice; (2) violated his due process rights in finding that the director of ODH or legal counsel did not need to appear and give testimony at the hearing; and (3) erred in determining that due process was satisfied by the penalty imposed against him.  Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

{¶2}    Appellant is a licensed lead abatement contractor and owner of American Pinnacle Construction, Inc.  In a charging letter dated July 10, 2019, ODH alleged that Appellant violated R.C. Chapter 3742 and O.A.C. Chapter 3701-32 when conducting two lead abatement projects: (1) Greenwich Project, 36 W. Main St.; and (2) Dexter City Project, 105 Jefferson St.  A three-day administrative hearing commenced on October 23, 2019.  The hearing examiner considered testimony from witnesses called by both parties.

{¶3}   Madison  Swackhammer  and  Shamus  Estep  testified  for  ODH. Swackhammer, an ODH Sanitarian Program Specialist and a lead abatement contractor, completed the inspections cited in the charging letter.  Swackhammer has completed over 300 inspections of the grant projects for the State Children's Health Insurance Program ("SCHIP").  The two projects at issue here were SCHIP grant projects, which are given priority.

{¶4}    Swackhammer explained the dangers of lead dust, including how it is not visible to the human eye, spreads easily, and is one of the main causes of childhood poisoning.  Swackhammer identified 157 photographs she had taken of jobsites which were uploaded to the ODH filing system.   She described instances when mandatory

guidelines were ignored in the work Appellant performed. Numerous photographs depicted paint chips in the work areas, including areas where the lead hazard was not properly enclosed. Swackhammer also pointed out improper soil treatment and how these conditions should not exist when a project is complete.

{¶5} Swackhammer's testimony continued to encompass various types of violations she observed at the two work sites which were the subjects of the July 10, 2019 charging letter. Notably, Swackhammer indicated that for the property at the Greenwich Project, violations were found even after she completed her inspections. She stressed that contractors must comply with mandatory guidelines as to all phases of a project. Appellant had the opportunity to cross-examine Swackhammer.

{¶6} Estep is Swackhammer's supervisor. He has been employed by the Ohio Healthy Homes and Lead Poisoning Program for about 20 years. Estep explained that photographs are used to document compliance issues on jobsites. He testified that ODH has been dealing with Appellant for a number of years due to Appellant's unwillingness or inability to operate within the minimum requirements of the Ohio Administrative Code. Estep indicated that the proposed revocation of Appellant's license was based on the two projects at issue. Appellant had the opportunity to cross-examine Estep.

{¶7} Appellant testified at the hearing. Appellant also called two lead abatement contractors as well, Christian Melendez and Anthony Stipcianos. Appellant presented four photographs of the Greenwich Project which were taken after the ODH inspections were completed. Appellant testified that the HUD guidelines fundamentally do not state mandatory rules and, therefore, cannot be prima facie violations.

{¶8} On December 16, 2019, the hearing examiner issued his Report and Recommendations proposing an indefinite license suspension for a time period of not less than one year for multiple violations of R.C. Chapter 3742 and O.A.C. Chapter 3701-32. Appellant filed objections. On February 13, 2020, ODH issued an adjudication order modifying the recommendation of the hearing examiner and suspending Appellant's license for a fixed term of one year.

{¶9} Appellant appealed ODH's adjudication order to the Mahoning County Court of Common Pleas. Upon appeal, the trial court issued a stay. On March 10, 2021, the trial court affirmed the decision of ODH.

**{¶10}** Appellant filed the instant appeal with this court, Case No. 21 MA 0033. Appellant's stay was renewed pending this appeal.

**{¶11}** Appellant raises three assignments of error for this court's review.

## STANDARD OF REVIEW

The standard of review for an administrative appeal to the common pleas court is whether the court abused its discretion in ruling on the agency's decision. *Pons v. Ohio State Med. Bd.,* 66 Ohio St.3d 619, 621 (1993). As such, an appellate court must review the facts on the record to determine whether any reliable, probative, and substantial evidence exists to support the lower court's judgment. *Metz v. Ohio Dept. of Human Serv.,* 145 Ohio App.3d 304, 310 (2001). With respect to issues of law, an appellate court conducts a *de novo* review. *Id.*

*Bermann v. Ohio Dep't of Job & Fam. Servs*., 7th Dist. Mahoning No. 14 MA 151, 2015-Ohio-3963, ¶ 8.

## ASSIGNMENT OF ERROR NO. 1

### THE DEPARTMENT OF HEALTH ERRED BY FAILING TO PROVIDE NOTICE OF ANY ACTUAL VIOLATION OF ANY SPECIFIC LAW.

**{¶12}** In his first assignment of error, Appellant argues the trial court erred in determining that ODH provided him with legally sufficient notice.  As a result, Appellant asserts his due process rights were violated.

**{¶13}** "'The fundamental requirement of procedural due process is notice and hearing, that is, an opportunity to be heard.' *Korn v. Ohio State Med. Bd.,* 61 Ohio App.3d 677, 684, 573 N.E.2d 1100 (1988), citing *Luff v. State,* 117 Ohio St. 102, 157 N.E. 388 (1927)." *Hall v. Youngstown Water Dep't,* 7th Dist. Mahoning No. 11 MA 16, 2012-Ohio-1411, ¶ 14.

**{¶14}** R.C. 119.07, "Notice of hearing; contents; notice of order of suspension of license; publication of notice; effect of failure to give notice[,]" states in part: notice "shall include the charges or other reasons for the proposed action, the law or rule directly

involved, and a statement informing the party that the party is entitled to a hearing if the party requests it within thirty days of the time of mailing the notice."

> A notice consistent with R.C. 119.07 "satisfies these procedural due process requirements because it sets forth a process reasonably calculated to apprise the party of the charges against him and the opportunity to request a hearing." * * * *Kellough v. Ohio State Bd. of Edn.*, 10th Dist. No. 10AP-419, 2011-Ohio-431, ¶ 36. Appellant must also show that any violation of due process resulted in prejudice. *Griffin v. State Med. Bd. of Ohio*, 10th Dist. No. 11AP-174, 2011-Ohio-6089, ¶ 26.

*Seman v. State Med. Bd. of Ohio*, 10th Dist. Franklin No. 19AP-613, 2020-Ohio-3342, ¶ 21.

{¶15} The July 10, 2019 charging letter was sent from ODH to Appellant via certified mail. It specifies ODH's revocation and refusal to renew Appellant's license as a lead abatement contractor "due to violations of the Ohio Revised Code (R.C.) Chapter 3742 and Ohio Administrative Code (O.A.C.) Chapter 3701-32 [and states] [t]his action is being taken pursuant to R.C. section 3742.16(A), O.A.C. 3701-32-04(I)(3)[.]" (7/10/2019 Charging Letter, p. 1).

{¶16} The letter indicates ODH's reasoning and details the violations at the two lead abatement projects at issue: (1) Greenwich Project; and (2) Dexter City Project. The letter specifies the violations found at both projects, including dates and code sections, i.e., inter alia, O.A.C. 3701-32-08(E)(2), which incorporates Chapters 8 through 13 of the Housing and Urban Development ("HUD") guidelines. The violations include: failure to conduct ongoing cleaning of paint chips and debris within the work area; failure to contain the work area; paint chips not collected on poly sheeting; failure to completely enclose identified lead hazards; coil stock wrap of components is incomplete; failure to revise prior notification to reflect dates of additional work; and failure to have a respiratory protection plan on the job site.

{¶17} The letter further reveals that ODH had previously issued against Appellant one "Notice of Warning" and one "Strict Notice of Warning" for violations identified during lead abatement project inspections. (7/10/2019 Charging Letter, p. 2). The letter

concludes by stating that Appellant "may request a hearing" and "[s]uch request must be made in writing and received within thirty days[.]" (*Id.*)

**{¶18}** Notice of opportunity for a hearing does not require any further level of specificity as asserted by Appellant. The notice in the charging letter apprises Appellant of the charges against him, points Appellant to the law that is violated by his conduct, gives notice of the opportunity for a hearing, and explains how to request a hearing. As such, the notice is consistent with R.C. 119.07 and, thus, satisfies procedural due process requirements. Appellant fails to allege, let alone provide evidence establishing, that a violation of due process resulted in prejudice.

**{¶19}** Appellant's first assignment of error is without merit.

## ASSIGNMENT OF ERROR NO. 2

## THE DEPARTMENT OF HEALTH ERRED BY FAILING TO PRODUCE ANY PERSON WHO DETERMINED TO REVOKE THE LICENSE.

**{¶20}** In his second assignment of error, Appellant contends the trial court erred and violated his due process rights in finding that the director of ODH or legal counsel did not need to appear and give testimony at the hearing. Appellant also challenges his Sixth Amendment right to confront witnesses against him.

**{¶21}** There is no legal authority that a director head or legal counsel for a department of state government must testify at an administrative hearing. Furthermore, the Sixth Amendment Confrontation Clause only applies in criminal cases, not in civil proceedings like the case at bar. *See, e.g., In re K.J.,* 9th Dist. Summit No. 29149, 2019-Ohio-123, ¶ 38; *T&R Properties, Inc. v. Wimberly*, 10th Dist. Franklin No. 19AP-567, 2020-Ohio-4279, ¶ 40.

**{¶22}** As stated, Swackhammer and Estep testified for ODH. Swackhammer, an ODH Sanitarian Program Specialist and a lead abatement contractor, completed the inspections cited in the charging letter. Estep is Swackhammer's supervisor. Estep reviewed Swackhammer's inspections and agreed that revocation of Appellant's license was justified. At the hearing, Appellant was afforded an opportunity to cross-examine both Swackhammer and Estep. Appellant was also given the opportunity to rebut their

testimony. Based on the facts presented, we fail to find any error.

{¶23} Appellant's second assignment of error is without merit.

## ASSIGNMENT OF ERROR NO. 3

**THE DEPARTMENT OF HEALTH ERRED BY FAILING TO PROMULGATE ANY RULE AS TO THE BASIS FOR ANY REVOCATION PENALTY.**

{¶24} In his third assignment of error, Appellant alleges the trial court erred in determining that due process was satisfied by the penalty imposed against him. Appellant asserts that because ODH does not have a penalty rule for violations by a lead abatement contractor, suspension of his license was arbitrary and capricious. Appellant maintains that a fine may have been considered as the appropriate consequence for his violations.

{¶25} R.C. 3742.03, "Rules for chapter administration and enforcement," authorizes the director to establish procedures to be followed by lead abatement contractors in order to prevent public exposure to lead hazards and ensure worker protection during lead abatement projects. R.C. 3742.03(D). It is these procedures, adopted from HUD guidelines, that Appellant failed to follow.

{¶26} R.C. 3742.05, "License application and renewal," states in part:

(B) * * * The director shall renew a license in accordance with the standard renewal procedure set forth in Chapter 4745. of the Revised Code, if the licensee does all of the following:

* * *

(2) Demonstrates compliance with procedures to prevent public exposure to lead hazards and for worker protection during lead abatement projects established in rules adopted under section 3742.03 of the Revised Code[.]

R.C. 3742.05(B)(2).

{¶27} R.C. 3742.16, "License revocation," provides in part that "the director of health may refuse to issue or renew, or may suspend or revoke, a license" issued to a

lead abatement professional.

**{¶28}** Contrary to Appellant's position, a fine is not an option. Rather, the director has three options: (1) refuse to issue or renew; (2) suspend; or (3) revoke a license. R.C. 3742.16. Here, the director utilized option two and suspended Appellant's license.

**{¶29}** As stated, the charging letter alleged non-compliance with, inter alia, O.A.C. 3701-32-08(E)(2). The Report and Recommendations of the hearing examiner determined that Appellant failed to comply with the requirements of O.A.C. 3701-32-08(E)(2), which incorporates Chapters 8 through 13 of the HUD guidelines. In imposing the suspension, the hearing examiner concluded that the lead abatement statute and rules, and the enforcement of the statute and rules, do not infringe upon Appellant's due process rights. Thus, because the order is supported by reliable, probative, and substantial evidence and is in accordance with the law, this court may not modify the sanction imposed. *See Shah v. State Med. Bd. of Ohio*, 10th Dist. Franklin No. 14AP-147, 2014-Ohio-4067, ¶ 17, citing *Henry's Café, Inc. v. Ohio Bd. of Liquor Control*, 170 Ohio St. 233 (1959).

**{¶30}** Appellant's third assignment of error is without merit.

## CONCLUSION

**{¶31}** For the foregoing reasons, Appellant's assignments of error are not well-taken. The judgment of the Mahoning County Court of Common Pleas affirming the administrative decision imposing a one-year suspension of Appellant's lead abatement contractor's license due to noted violations is affirmed.

Waite, J., concurs.

Robb, J., concurs.

———————————

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed.  Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**