# ANDREWS *v.* SWARTZ.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR
THE DISTRICT OF NEW JERSEY.

No. 710. Submitted January 21, 1895. — Decided February 4, 1895.·

A review by the appellate court of a State of a final judgment in a criminal
case is not a necessary element of due process of law, and may be
granted, if at all, on such terms as to the State seems proper.

The repugnancy of a state statute to the Constitution of the State will not
authorize a writ of *habeas corpus* from a court of the United States,
unless the petitioner is in custody by virtue of such statute, and unless
also the statute conflicts with the Federal Constitution.

When a state court has entered upon the trial of a criminal case, under a
statute not repugnant to the Constitution of the United States, and has
jurisdiction of the offence and of the accused, mere error in the conduct
of the trial cannot be made the basis of jurisdiction in a court of the
United States to review the proceedings upon writ of *habeas corpus.*

·THE case is stated in the opinion.

*Mr. George M. Shipman* for appellant.

*Mr. William A. Stryker* for appellee.

MR. JUSTICE HARLAN delivered the opinion of the court.

Andrews, the appellant, was convicted in the Court of Oyer
and Terminer for the county of Warren, New Jersey, of the
crime of murder in the first degree, and sentenced to suffer
the punishment of death.

He applied to the Chancellor of the State for a writ of
error, under a statute of New Jersey, providing that "writs
of error in all criminal cases not punishable with death, shall
be considered as writs of right, and issue of course; and in
criminal cases punishable with death, writs of error shall be
considered as writs of grace, and shall not issue but by the
order of the Chancellor for the time being, made upon motion
or petition, notice whereof shall always be given to the
attorney general or the prosecutor for the State."   Rev. Stat.

N. J. (Revision of 1877) § 83 of Crim. Procedure, p. 283. This application was denied on the 6th of March, 1894.

On the 17th day of April, 1894, two days preceding that fixed for the execution of the sentence of death, the accused presented to the Circuit Court of the United States for the District of New Jersey a petition for a writ of *habeas corpus*, alleging that he was restrained of his liberty in violation of the Constitution and laws of the United States.

The petition alleged that there was no sufficient cause for the restraint of his liberty, and that his detention in custody was illegal for the following reasons:

"First. He is of African race and black in color; that all persons of his race and color were excluded in the drawing of the grand jury which indicted him and from the petit jury which were summoned to try him, and that the sheriff of Warren County, New Jersey, who by the law of said State has sole power to select said jurors, purposely excluded such citizens of African descent.

"Second. That by reason of such exclusion petitioner was denied the equal protection of the laws, and did not have the full and equal benefit thereof in the proceedings for the security of his life and liberty as is enjoyed by white persons and to which he is justly entitled.

"Third. That all persons of African race and of color were excluded from the grand jury by which the indictment against the defendant was found and upon which he was tried, and, consequently, said indictment was illegal and void, and petitioner ought not to have been put to trial upon said indictment, and the trial court was without jurisdiction, and that said persons were qualified in all respects to act both as jurors and grand jurors, but were purposely excluded, and always have been, by the sheriff of Warren County.

"Your petitioner therefore prays that the court will grant to him the writ of *habeas corpus* according to the statute in such case made and provided, and will inquire into the cause of said imprisonment, and vacate and set aside the said verdict of guilty, and stay the judgment of conviction, and that the petitioner may have a new trial, and that he may be dis-

charged from the said imprisonment; and, further, will grant a writ of *certiorari* to the Court of Oyer and Terminer of the county of Warren, commanding them to certify to this court true copies of the lists of grand and petit jurors for the term of December, 1893, and of the indictment and other proceedings in said cause of the *State* v. *George Andrews*, under and by virtue of which petitioner is held in custody."

It was also alleged in the petition that when the accused was arraigned " he called the attention of the court to the manner of selecting jurors and to the fact that citizens of African descent were purposely excluded by the sheriff of Warren County from the grand jury which found the indictment and from the petit jury summoned to try petitioner, and asked for an order of the court to take testimony to prove his allegations, and that, according to the law and practice of the court, petitioner's application should have been entertained and decided upon the merits, and he should have been permitted to take testimony to show the unjust and illegal action of the said sheriff of Warren County, but that the court absolutely refused his motion, and refused to hear the proof which petitioner offered himself ready to make and produce, and compelled him to go to trial."

There was annexed to the petition what purported to be a copy of the proceedings before the state court, as reported by a stenographer, and the petitioner averred that by reason of the action of the court in permitting him " to be tried by a jury from which citizens of African descent were purposely excluded he was deprived of the rights and privileges which white persons would enjoy and to which the petitioner is justly entitled."

The Circuit Court refused to issue a writ of *habeas corpus* upon the ground that it appeared upon the face of the application that the accused was not entitled to it. An appeal from that order was allowed in pursuance of the act of Congress in such case made and provided.

The statute of New Jersey entitled " An act regulating proceedings in criminal cases," approved March 27, 1874, (Revision of 1877, p. 266,) which declares that writs of error

in criminal cases punishable with death shall be considered writs of grace and not writs of right, (Ib. 283,) was brought forward from an act passed March 6, 1795. Laws of New Jersey, Revision of 1821, pp. 184, 186, § 13.

The contention of the appellant is that such a statute is in violation of the Constitution of the United States. If it were necessary, upon this appeal, to consider that question, we would only repeat what was said in *McKane* v. *Durston*, 153 U. S. 684, 687: " An appeal from a judgment of conviction is not a matter of absolute right, independently of constitutional or statutory provisions allowing such appeal. A review by an appellate court of the final judgment in a criminal case, however grave the offence of which the accused is convicted, was not at common law and is not now a necessary element of due process of law. It is wholly within the discretion of the State to allow or not to allow such a review." "It is, therefore, clear that the right of appeal may be accorded by the State to the accused upon such terms as in its wisdom may be proper;" and "whether an appeal should be allowed, and if so, under what circumstances or on what conditions, are matters for each State to determine for itself."

Whether, as is contended, the above statute in its application to capital cases is in violation of the constitution of New Jersey, is not necessarily a Federal question, and upon that point we need not, therefore, express an opinion. The repugnancy of a statute to the constitution of the State by whose legislature it was enacted cannot authorize a writ of *habeas corpus* from a court of the United States unless the petitioner is in custody by virtue of such statute, and unless also the statute is in conflict with the Constitution of the United States.

The further contention of the accused is that he is restrained of his liberty in violation of the Constitution and laws of the United States, in that persons of his race were arbitrarily excluded, solely because of their race, from the panel of jurors summoned for the term of the court at which he was tried, and because the state court denied him the right to establish that fact by competent proof.

It is a sufficient answer to this contention that the state court had jurisdiction both of the offence charged and of the accused. By the laws of New Jersey the Court of Oyer and Terminer and general jail delivery has " cognizance of all crimes and offences whatsoever which, by law, are or shall be of an indictable or presentable nature, and which have been or shall be committed within the county for which such court shall be held." Rev. Stat. N. J. 272, § 30. If the state court, having entered upon the trial of the case, committed error in the conduct of the trial to the prejudice of the accused, his proper remedy was, after final judgment of conviction, to carry the case to the highest court of the State having jurisdiction to review that judgment, thence upon writ of error to this court, if the final judgment of such state court denied any right, privilege, or immunity specially claimed, and which was secured to him by the Constitution of the United States. Even if it be assumed that the state court improperly denied to the accused, after he had been arraigned and pleaded not guilty, the right to show by proof that persons of his race were arbitrarily excluded by the sheriff from the panel of grand or petit jurors solely because of their race, it would not follow that the court lost jurisdiction of the case within the meaning of the well-established rule that a prisoner under conviction and sentence of another court will not be discharged on *habeas corpus* unless the court that passed the sentence was so far without jurisdiction that its proceedings must be regarded as void. *Ex parte Siebold*, 100 U. S. 371, 375; *In re Wood*, 140 U. S. 278, 287; *In re Shibuya Jugiro*, 140 U. S. 291, 297; *Pepke* v. *Cronan*, 155 U. S. 100. When a state court has entered upon the trial of a criminal case, under a statute not repugnant to the Constitution of the United States, and has jurisdiction of the offence and of the accused, no mere error in the conduct of the trial should be made the basis of jurisdiction in a court of the United States to review the proceedings upon writ of *habeas corpus*.

The application to the Circuit Court for a writ of *habeas corpus* was properly denied, and the judgment must be

*Affirmed.*