## LATIMER v. CRANOR.

### No. 14156.

United States Court of Appeals, Ninth Circuit.

Aug. 6, 1954.

Rehearing Denied Aug. 19, 1954.

See also 9 Cir., 205 F.2d 568.

---

927

928

George D. Latimer, Walla Walla, Wash., in pro. per.

Don Eastvold, Atty. Gen., Cyrus A. Dimmick, Asst. Atty. Gen., State of Washington, for appellee.

Before DENMAN, Chief Judge, and MATHEWS and BONE, Circuit Judges.

DENMAN, Chief Judge.

Latimer, having been convicted of grand larceny by a superior court of the State of Washington, appeals from the denial of his application for a writ of habeas corpus to free him from the judgment. Latimer claims that the facts alleged in his application require a hearing upon evidence to sustain it and that the district court erred in denying such a hearing.

The district court had jurisdiction, for Latimer had applied to the Supreme Court of the State of Washington for a writ of habeas corpus and on its denial had sought certiorari to the Supreme Court of the United States, which was denied. He thus complied with the requirement to exhaust his state remedies. 28 U.S.C. § 2254.

1). The application alleges that Latimer was arrested by the state officers who acted without a warrant. It does not allege that this action in any way affected Latimer's trial. Here is no showing of the violation of the Constitution warranting federal action.

2). The application alleges that without a search warrant state officers seized certain of Latimer's property. It does not clearly appear that the seized matter was used as evidence against him or that it led to the discovery of other facts so used. However, assuming this is alleged to have occurred, there is no merit in his contention that such state action violated the Fourth Amendment to the Federal Constitution. The Supreme Court has consistently held that the Fourth Amendment does not apply to the action of state officers. Boyd v. United States, 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746; Weeks v. United States, 232 U.S. 383, 385, 398, 34 S.Ct. 341, 58 L.Ed. 652.

The fact that the Supreme Court of Washington has held that the Fourth Amendment is applicable to such conduct of its state officers, State v. Gibbons, 118 Wash. 171, 181, 183, 203 P. 390 cannot create in the federal court jurisdiction to consider the state officers' acts as violative of the Fourth Amendment.

3). Likewise, there is no merit to Latimer's contention that the State of Washington and its officers violated the due process clause of the Fourteenth Amendment warranting federal action, the Supreme Court having held the contrary in Wolf v. People of State of Colorado, 338 U.S. 25, 33, 69 S.Ct. 1359, 93 L.Ed. 1782.

4). Nor is there merit to Latimer's contention that the state court denied him his right of appeal from a superior court decision, refusing him a writ of habeas corpus. Assuming this question is not moot, because of his unsuccessful petition for the writ to the state supreme court, the denial involves no constitutional question.

The Supreme Court has repeatedly held that there is no constitutional right of appeal from a judgment of conviction and hence no violation here of the due process clause of the Fourteenth Amendment. Andrews v. Swartz, 156 U.S. 272, 15 S.Ct. 389, 39 L.Ed. 422; McKane v. Durston, 153 U.S. 684, 687, 14 S.Ct. 913, 38 L.Ed. 867; cf. Brown v. Allen, 344 U.S. 443, 486, 73 S.Ct. 397, 97 L.Ed. 469.

5). Latimer's allegation that he was held incommunicado for some days has no further statement that this in any way affected his subsequent trial where he had the benefit of counsel, and hence presents no federal question. Hampson v. Smith, 9 Cir., 153 F.2d 417, 419.

6). The application alleges that Latimer was held three and a half months before trial and hence that he was denied the speedy trial of the Sixth Amendment. There is no showing that there was a loss of testimony, or any other fact, impairing the fairness of the trial. There is no merit to this contention. Ruben v. Welch, 4 Cir., 159 F.2d 493.

7). The application alleges that Latimer's attorney mishandled his case.

This is a frequent contention of unsuccessful defendants. There are no allegations showing the attorney's conduct was so incompetent that it made the case a farce requiring the court to intervene in his client's behalf. We find no denial of the efficient representation of the Constitution. Diggs v. Welch, 80 U.S.App.D.C. 5, 148 F.2d 667, 669; Jones v. Huff, 80 U.S.App.D.C. 254, 152 F.2d 14, 15.

The order denying the application is affirmed.