No. 19,106.

ROUAL MOORE *v.* HARRY C. TINSLEY, WARDEN, ETC.
(351 P. [2d] 456)

Decided May 2, 1960.

ROUAL MOORE, plaintiff in error, *pro se.*

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. J. F. BRAUER, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE HALL delivered the opinion of the Court.

WE will refer to the parties by name.

Moore is here by writ of error seeking reversal of a judgment of the district court denying him a writ of habeas corpus against Tinsley.

Moore is presently an inmate of the state penitentiary, serving a life sentence upon conviction of first degree murder. On March 11, 1959, he filed in the district court a document labelled "Petition for a Writ of Habeas Corpus." This document makes it quite clear that Moore wants out, but beyond that point is sorely lacking in clarity and devoid of legal reasons for his envisioned early release.

Moore, appearing pro se, presents three "contentions":

1. His arrest without a warrant was unlawful.

2. He was coerced and entrapped into signing a statement confessing the murder for which he is now incarcerated.

3. The court in the murder trial improperly instructed the jury as to the lesser offenses of manslaughter.

As to the first contention, Moore refers us to no authority, and we have found none, which goes so far as to hold that an arrest without a warrant is a defense to a charge of first degree murder. We decline to recognize, sanction or adopt such contention as the law of Colorado.

Turning to the second contention, that his confession was illegally obtained. That question should have been and, so far as the record before us discloses, may have been presented at the trial on the murder charge and an adverse determination reviewed by writ of error. It cannot be reviewed in a habeas corpus proceeding. *Rivera v. People,* 128 Colo. 549, 265 P. (2d) 226; *Hart v. Best,* 119 Colo. 569, 205 P. (2d) 787.

The third contention, to the effect that the court erred in instructing the jury on the lesser degrees of the offense for which Moore was tried, is somewhat novel in that if it amounted to error, it was all in favor of, not against, Moore.

The judgment of the trial court was correct and is affirmed.