**David F. EARLY, Appellant,**

v.

**Harry C. TINSLEY, Warden, Colorado State Penitentiary, Appellee.**

**No. 6593.**

United States Court of Appeals
Tenth Circuit.

Nov. 17, 1960.

Harold R. Harward, Canon City, Colo., and Stephen E. Connor, Denver, Colo., for appellant.

J. F. Brauer, Asst. Atty. Gen. of Colorado, for appellee.

Before MURRAH, Chief Judge, LEWIS, Circuit Judge, and RICE, District Judge.

MURRAH, Chief Judge.

In this habeas corpus proceedings, petitioner appeals from an order of the trial court discharging the writ and denying stay of a death sentence imposed by the Colorado state court upon a jury conviction for murder in the first degree.

The salient facts are that on the evening of April 25, 1958, petitioner was apprehended at the scene of the crime for

1

which he was charged. Later in the evening he made a full, complete and voluntary confession to the crime. The next morning, and before arraignment, he was interviewed by two psychiatrists who were introduced to him as "doctors," but whom he "assumed" were psychiatrists. Upon arraignment, without counsel, a plea of not guilty was entered. Thereafter, appointed counsel entered an amended plea of not guilty by reason of insanity. On the trial of the case the two psychiatrists who examined him prior to arraignment and prior to the appointment of counsel were permitted to testify, over objection of petitioner, concerning his mental responsibility for the crime. On appeal to the Supreme Court of Colorado, 352 P.2d 112, 118, from a death sentence, the admissibility of this testimony was strenuously challenged on the ground that the examinations were not conducted in accordance with the provisions of C.R.S. '53, 39–8–2; that this statute provides the exclusive procedure for raising and trying the issue of insanity in a criminal case, and failure to adhere to the statute rendered the testimony inadmissible and denied him due process of law under the Colorado and United States Constitutions. Const. art. 2, § 25; U.S.Const. Amend. 14. It was further contended that the admission of the pre-arraignment testimony accorded the state an undue and unfair advantage, amounting to a denial of due process and compulsory self-incrimination.

The Colorado Supreme Court rejected the petitioner's contentions, holding that 39–8–2, while intended to insure examination of accused persons by psychiatrists and specialists in mental diseases, did not operate to exclude employment of psychiatrists by either the state or the accused, or the admission of their testimony on the trial of the issue of insanity. On the question of whether pre-arraignment mental examinations by the people, without equal opportunity of the accused, operated to accord the state an undue or unfair advantage amounting to a denial of due process, the Colorado Supreme

Court took the view that any such contention carried the concept of due process of law to an "illogical extreme." The court did not think that the petitioner had been thus deprived of any right guaranteed by the Colorado statutes or by the due process clauses of the state or federal Constitutions. It specifically found that the psychiatrists had identified themselves as doctors and that there was a basis for concluding that the petitioner was aware of their identity as psychiatrists. It noted the complete absence of any force or coercion or "surreptitious mental invasion," as in Rochin v. People of State of California, 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183, and concluded that the testimony of the psychiatrists was correctly admitted in evidence along with the testimony of several other psychologists and psychiatrists testifying for the state and the defense. Finally, the court concluded that the petitioner had been represented by "highly competent counsel" who defended him with skill and ability. Early v. People, Colo., 352 P.2d 112. Upon affirmance of the judgment and denial of certiorari to the Supreme Court of the United States, 81 S.Ct. 90, the judgment was ordered to be executed during the week of November 14, 1960.

█ Having thus exhausted his state remedies, petitioner filed this habeas corpus proceedings pro se in the United States District Court for the District of Colorado, on October 24, 1960. He again challenged the competency of the pre-arraignment psychiatric testimony on the grounds that it was not in accordance with the Colorado statute and that it accorded the state an unfair advantage amounting to a denial of due process. The court appointed two counsel to represent the petitioner, a Denver lawyer and a Canon City lawyer, where the accused is confined. Pursuant to hearing on the application for the writ on November 10, 1960, and based upon the state court record and the live testimony, including that of the accused-petitioner, the court specifically found that the psy-

chiatrists whose testimony is challenged were introduced to the petitioner as doctors and that the petitioner knew or had reason to believe that he was receiving a mental examination, and that in any event, the interrogation of the accused was a repetition of the statements he had voluntarily made the night before; that such examinations were not deceitful nor coercive in any way, and did not amount to compulsory self-incrimination or denial of due process. The writ was discharged and the petitioner was remanded to the custody of the state authorities. While the court denied a further stay, it did issue a certificate of probable cause. Upon application to a judge of this court, the state court judgment was stayed pending a disposition of the matter here. The case was set down for hearing on its merits for 4 o'clock, November 14, 1960. When the matter came on for hearing, counsel for the petitioner objected to a hearing on the merits insisting that the petitioner had a right to an appeal, including both appeal and briefing time provided by F.R.Civ.P. and Rules 14 and 19 of this court, 28 U.S.C.A. The court thereupon announced that the case would proceed on the merits and that if for any reason it developed that further time was needed for the production of the record, briefing or argument, the court would consider an extension of time for any such purposes. It now appears that the whole record of the state court proceedings and the record of the hearing in the habeas corpus proceedings have been certified to this court. The appeal has been perfected. Counsel have exhaustively argued the points presented in the Colorado state court and in the habeas corpus proceedings and we are of the opinion that the parties have been fully and completely heard upon the full record. It would, therefore, not serve the ends of justice or the rights of this petitioner to further delay the consideration of the case on its merits. The orderly administration of justice and a rightful respect for the judgments and decrees of the state court require an expeditious consideration and decision.

We, of course, accept the Colorado Supreme Court's construction of its statutes and therefore conclude that the pre-arraignment examinations of the petitioner, without first complying with the provisions of C.R.S. '53, 39–8–2, did not operate per se to deny the petitioner due process of law and we also agree with the Colorado Supreme Court and the trial court that the psychiatric examinations did not work a denial of due process or amount to self-incrimination. The psychiatric interrogations cannot be likened to surreptitious extractions of evidence as in Rochin v. People of State of California, supra, nor do they partake of the subtleties countenanced in Breithaupt v. Abram, 352 U.S. 432, 77 S.Ct. 408, 1 L.Ed.2d 448. Under these circumstances, we cannot impute to the psychiatrists a predetermined diagnosis of the accused. The examinations were conducted without any coercive influence whatsoever, and according to the petitioner the statements made to the psychiatrists were no more than repetition of voluntary statements made the night before. We must indulge in the presumption that the professional conclusions of the mental experts were fair and impartial. There is nothing here to indicate that they were partisan, or that they were necessarily made for the purpose of proving the petitioner's mental responsibility. It is permissible to infer, we think, that they could have been conducted for the purpose of determining the competency of the petitioner to enter an intelligent plea to the charge against him and prepare his defense thereto. Viewed in this light the pre-arraignment psychiatric examinations do not offend our sense of justice or run counter to the "decencies of civilized conduct." The record shows that the petitioner was afforded ample psychiatric evidence at state expense. All of such testimony was submitted to the jury and its verdict of sanity was based thereon.

The judgment of the trial court is affirmed and the mandate will issue on November 28, 1960.