John BIZUP, Jr., Appellant,

v.

Harry C. TINSLEY, Warden of the Colorado State Penitentiary, Appellee.

No. 7253.

United States Court of Appeals
Tenth Circuit.

April 18, 1963.

Roland E. Camfield, Jr., Denver, Colo., for appellant.

John E. Bush, Asst. Atty. Gen. (Duke W. Dunbar, Atty. Gen., and Frank E. Hickey, Deputy Atty. Gen., were with him on the brief), for appellee.

Before MURRAH, Chief Judge, and BREITENSTEIN and HILL, Circuit Judges.

HILL, Circuit Judge.

Appellant Bizup was tried and convicted in the state court for the crime of murder, and the jury assessed the death penalty. Upon appeal to the Colorado Supreme Court, the conviction was affirmed,[1] and the United States Supreme Court denied a petition for certiorari from that decision.[2] This action, to obtain a writ of habeas corpus, was thereafter filed in the United States District Court for the District of Colorado, with the Warden of the Colorado State Penitentiary, in whose custody appellant is now held, as the respondent. The court below denied the writ [3] and this appeal resulted.

Federal court jurisdiction of the case is grounded upon the alleged denial of due process by the state trial court, as guaranteed by the Fourteenth Amendment to the Constitution of the United States. Specifically, appellant contends that under the evidence adduced at his state trial and in accordance with established state law he was entitled to have the jury instructed on the lesser offense of second degree murder as well as felony-murder,[4] and the state trial court's failure to submit the issue of second degree murder to the jury constituted a denial of due process. To support this contention, appellant argues that the trial process, as established by previous decisions of the Colorado Supreme Court, entitled him to have his case submitted to the jury in such a manner as to permit it to determine whether he was guilty of felony-murder or second degree murder. Further, that a violation of this established state due process resulted in a denial of due process under the Fourteenth Amendment. Appellant does not contend that the trial process in the State of Colorado is invalid, but, does urge that it was not followed in the trial of his case.

The writ of habeas corpus in the Federal courts is not available to a prisoner held in state custody unless the detention is in violation of the Constitution, treaties or laws of the United States.[5] The general rule is that the writ may not be used as a substitute for appeal.[6] Alleged errors in the trial proceedings by a state court in the exercise of jurisdiction over a case properly before it cannot be reviewed by habeas corpus unless there has been a deprivation of Constitutional rights such as to render the judgment void,[7] or to amount to a denial of due process.[8] Denial of due process in a state court does not necessarily result because of a departure

1. Bizup v. People, Colo., 371 P.2d 786.

2. Bizup v. Colorado, 371 U.S. 873, 83 S. Ct. 144, 9 L.Ed.2d 112.

3. Bizup v. Tinsley, 211 F.Supp. 545 (D. Colo.1962).

4. Colo.Rev.Stat.1953, § 40–2–3.

5. 28 U.S.C. § 2241; Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770; Ramsey v. Hand, 10 Cir., 309 F.2d 947; Alexander v. Daugherty, 10 Cir., 286 F.2d 645, cert. denied, 366 U.S. 939, 81 S.Ct. 1666, 6 L.Ed.2d 849; Odell v. Hudspeth, 10 Cir., 189 F.2d 300, cert. denied, 342 U. S. 873, 72 S.Ct. 116, 96 L.Ed. 656.

6. Smith v. Hand, 10 Cir., 305 F.2d 373, cert. denied, 371 U.S. 870, 83 S.Ct. 135, 9 L.Ed.2d 107; Ellis v. Raines, 10 Cir., 294 F.2d 414, cert. denied, 368 U.S. 1000, 82 S.Ct. 628, 7 L.Ed.2d 538; Schechter v. Waters, 10 Cir., 199 F.2d 318; Odell v. Hudspeth, supra.

7. Odell v. Hudspeth, supra.

8. Gay v. Graham, 10 Cir., 269 F.2d 482.

from a previous court decision of that state.[9]

■ Appellant's court-appointed counsel has ably presented what appears to us to be a novel theory to sustain the authority of a Federal court in this case. He urges that the decision of the Colorado Supreme Court upon appellant's appeal from his conviction is contrary to the case of Henwood v. People, 54 Colo. 188, 129 P. 1010, which case he says established in Colorado, the necessity for giving a second degree murder instruction under circumstances such as we have here. Granting, without so determining, that the contention is correct, and that the Bizup decision is contrary to the Henwood case, it does not follow that there has been a denial of due process. The Supreme Court in Patterson v. Colorado, 205 U.S. 454, 461, 27 S.Ct. 556, 557, held that a decision contrary to previous decisions "is not an infraction of the 14th Amendment merely because it is wrong or because earlier decisions are reversed."

Counsel also urges that the failure to give the second degree murder instruction deprived the accused of a jury determination of his state of mind, as to intent and malice, at the time of the commission of the homicide. The law of Colorado provides,[10] and the judge in the state trial of Bizup instructed the jury, that if they found "that the homicide was committed in perpetration of, or attempt to perpetrate, robbery, as defined in these instructions, then the elements of malice, deliberation, premeditation and intent are not necessary elements of first degree murder and need

not be proved." Therefore, under the crime charged in the state court, malice, deliberation, premeditation and intent were implied, and the accused was clearly not entitled to a jury determination of his state of mind.

The case does not present any Federal Constitutional question; rather, it concerns only the application of recognized state law to the evidence adduced at the state trial. In this connection, the Colorado Supreme Court has reviewed the entire trial record and determined that, under the evidence in the case and the law of the forum, it was not error to refuse to instruct the jury on second degree murder, and affirmed the conviction and sentence.[11] That court, as a matter of law, determined that Bizup's state trial was held in accordance with established state trial process. From a reading of the memorandum opinion of the court below, it is apparent that the Federal trial judge, who is a former member of the Colorado Supreme Court, also reviewed the transcript of the state trial complained of and reached the same legal conclusion as the Colorado Supreme Court had previously reached on the questioned instructions.

■ We have, in accordance with the admonition of the Supreme Court in Townsend v. Sain, supra, 372 U.S. at pages 316, 317, 83 S.Ct. at page 759, carefully scrutinized the state trial record in a search for denial of fundamental liberties or due process, and reach the same legal conclusion as that of the Colorado Supreme Court and the trial judge below.

Affirmed.

9. Patterson v. Colorado, 205 U.S. 454, 27 S.Ct. 556, 51 L.Ed. 879.

10. Jones v. People, 146 Colo. 40, 360 P. 2d 686; Leopold v. People, 105 Colo. 147,

95 P.2d 811; Frady v. People, 96 Colo. 43, 40 P.2d 606, 96 A.L.R. 1052.

11. Bizup v. People, supra.