Harley W. MILLER, Appellant,

v.

C. T. GLADDEN, Warden of the Oregon State Penitentiary, Appellee.

No. 19346.

United States Court of Appeals Ninth Circuit.

Feb. 19, 1965.

Charles Evans Goulden, San Francisco, Cal., for appellant.

Robert Y. Thornton, Atty. Gen. of Oregon, C. L. Marsters, Asst. Atty. Gen. of Oregon, Salem, Or., for appellee.

Before POPE, HAMLEY and ELY, Circuit Judges.

HAMLEY, Circuit Judge.

Harley W. Miller, an Oregon state prisoner, appeals from a district court order denying his application for a writ of habeas corpus. The district court entered a certificate of probable cause thereby establishing jurisdiction in this court to entertain the appeal. See 28 U.S.C. § 2253 (1958).

In 1954, Miller was convicted in a trial court of Oregon, on a plea of guilty, for the crime of burglary, defined in Oregon Revised Statutes (ORS) 164.230. Pursuant to ORS 164.230 and 137.120(2), he was, on April 28, 1954, sentenced to imprisonment for an indeterminate period of time not to exceed fifteen years. He did not appeal from that conviction and sentence.

On April 28, 1958, Miller was placed on parole and ordered to make monthly reports to his parole officer. Miller complied with the order until August 28, 1961, when his parole was revoked without any formality. On September 21, 1961 he was returned to the Oregon State Penitentiary. Four days later he received a "time slip" on a prison form,

issued by the record clerk of the prison, stating that his maximum sentence would not expire until September 21, 1972.

Miller thereby learned that he had not received credit against his fifteen-year maximum sentence for the time, in excess of three years, that he was on parole. This was in accordance with ORS 144.390.

Miller then commenced a habeas corpus proceeding in the courts of Oregon, in which he questioned the validity of ORS 144.390, contending that he was entitled to credit for the time he was on parole. The Circuit Court, Marion County, denied his application for a writ and this action was affirmed by the Supreme Court of Oregon. Miller v. Gladden, 233 Or. 174, 377 P.2d 165.[1] A few months after the Oregon Supreme Court had ruled against him Miller filed, in the district court, the application for a writ of habeas corpus which is now before us.

On this appeal Miller argues that he was deprived of a constitutional right when the Oregon courts denied him the assistance of counsel in his state habeas corpus proceeding.

As before indicated, the state habeas corpus proceeding in question appears not to have involved an attack upon the conviction or sentence, but upon the failure to accord Miller credit for time on parole when he was recommitted. Thus, if there was error even of constitutional proportions in failing to provide him with counsel in that proceeding, it would not entitle Miller to release at this time. At most, it would be ground for ordering his release on April 28, 1969, when his fifteen-year term, including the time he was on parole, would expire.

■■ Federal habeas corpus may not be resorted to unless the question presented, if resolved in favor of the applicant, would entitle him to immediate release from custody. McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238; Hart v. Ohio Bureau of Probation and

1. Insofar as the opinion of the Supreme Court of Oregon indicates, the only issues there raised had to do with the length of imprisonment under the sentence after revocation of the parole.

Parole, 6 Cir., 290 F.2d 550, 551. Since the question referred to above, if decided in Miller's favor, would not entitle him to release at this time, he may not now present it in a federal habeas corpus proceeding.

If, despite the limited issues discussed in the Oregon Supreme Court decision in Miller's state habeas corpus proceeding, the validity of the conviction and initial sentence were nevertheless raised and disposed of therein, the view just stated would not be dispositive of the point under discussion. But it would still be necessary to reject the denial of counsel contention without reaching the merits, for the reason that Miller primarily relies upon United States Supreme Court decisions rendered subsequent to the state court decision. The principle of exhaustion of state remedies requires that he first give the courts of Oregon an opportunity to consider his contention in the light of the new decisions. See Blair v. People of State of California, 9 Cir., 340 F.2d 741.

What is said above, to the effect that federal habeas corpus is available only where the asserted defect in state proceedings is of a kind which, if substantiated, would entitle the applicant to immediate release from custody, also requires the rejection of Miller's argument that ORS 144.390, under which he was deprived of credit for the time he was on parole, is unconstitutional.[2]

Miller contends that his conviction "was predicated on an unconstitutional search and seizure which was not waived."

Miller's allegations of fact and of law in the district court proceeding were settled by an amended pretrial order which superseded the pleadings. They include no reference to any search or seizure or the legality thereof. Since this contention was not advanced in the district court it may not be made here as a ground for reversal unless necessary to prevent a manifest miscarriage of justice. Daugharty v. Gladden, 9 Cir., 257 F.2d 750, 758; United States ex rel. Blanton v. Whelchel, 7 Cir., 308 F.2d 586, 589. There is nothing presented on this appeal which convinces us that Miller's conviction on his plea of guilty constituted a manifest miscarriage of justice.[3]

For the same reason we decline to consider Miller's contentions, made partly on the basis of facts which were not before the district court, that his conviction was predicated upon an unconstitutionally obtained confession; that he did not intelligently and voluntarily plead guilty of the charge of burglary; and that he did not have adequate representation on that occasion.[4]

As to contentions advanced in this court for reversal which were not raised in the district court Miller asks us in the alternative, to regard his briefs on appeal as constituting an original application in this court for a writ of habeas corpus.

We decline to do so for several reasons. The briefs are not verified in a manner cognizable in federal court, as required by 28 U.S.C. § 2242 (1958). They do not contain a statement of reasons for not making the application to

2. There is a federal statute pertaining to federal convictions which is similar to ORS 144.390. See 18 U.S.C. § 4205 (1958). The constitutionality of the federal statute was upheld in Van Buskirk v. Wilkinson, 9 Cir., 216 F.2d 735, 738.

3. We do not reach other preliminary questions— whether, as to this contention, Miller has exhausted his state remedies within the meaning of Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837; and whether he can, in any event, question the search and seizure in view of

his plea of guilty and the failure to allege that it was prompted by the fear that unconstitutionally obtained evidence would be used against him.' See Com. of Pa. ex rel. Herman v. Claudy, 350 U.S. 116, 76 S.Ct. 223, 100 L.Ed. 126; United States ex rel. Staples v. Pate, 7 Cir., 332 F.2d 531; United States ex rel. Vaughn v. LaVallee, 2 Cir., 318 F.2d 499.

4. Likewise as to these contentions, we do not reach the question of whether Miller has exhausted his state remedies.

the district court, as required by section 2242. It is inappropriate for a person in custody to proceed at the same time with two different remedies to secure his release.

Miller contends that if he was not serving part of his sentence while on parole, he was deprived of liberty without due process of law when the parole was revoked. This is true, Miller argues, because the State Board of Parole and Probation was not created in the manner required by the Oregon Constitution. This argument is predicated on the fact that whereas ORS 144.010 provides that members of the State Board of Parole and Probation shall serve five-year terms, Article XV, section 2 of the Oregon Constitution provides that the Legislative Assembly shall not create any office the tenure of which shall be longer than four years.

Appellee does not argue this point in his brief on appeal, apparently on the erroneous assumption that the argument was not advanced in the district court. It was advanced in that court as Miller's second contention set out in the amended pretrial order. It was argued in appellee's brief in the district court. It was dealt with and rejected in the written opinion of the district court

■ A state prisoner is not entitled to a writ of habeas corpus from a federal court unless he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c) (3) (1958); Anderson v. Heinze, 9 Cir., 258 F.2d 479, 484; Bizup v. Tinsley, 10 Cir., 316 F.2d 284, 285.

■ But here the contention is that ORS 144.010 providing for five-year terms for members of the State Board of Parole and Probation is invalid under Article XV, section 2 of the Constitution of Oregon. This is a state question which may not be pursued in a federal

habeas corpus proceeding. See Kohl v. Lehlback, 160 U.S. 293, 302–303, 16 S.Ct. 304, 40 L.Ed. 432; Andrews v. Swartz, 156 U.S. 272, 275, 15 S.Ct. 389, 39 L.Ed. 422; Anderson v. Heinze, supra.

Finally, Miller urges, the order denying his application should be reversed because he was denied equal protection of the laws by "the arbitrary fashion in which he was deprived of his freedom for fifteen years."

The grievance asserted here is that he was given an indeterminate sentence with a maximum term of fifteen years " * * * for the same offense for which other persons have received lesser sentences." According to Miller's brief, it is ORS 137.120(2), providing for indeterminate sentences, which makes possible this claimed discrimination.

It is not ORS 137.120(2) which makes possible a variance in maximum sentences for the crime of burglary, but ORS 164.230, which provides that such an offense " * * * shall be punished upon conviction by imprisonment in the penitentiary for not more than 15 years."

This argument by Miller is premised on an oral assertion made in the district court that during the period from 1954 to 1963 there have been only one or two persons (besides Miller) sentenced to a maximum term of fifteen years for the crime of which he was convicted.[5]

Assuming the facts to be as asserted by counsel for Miller at the district court hearing, there is no showing whatever that the comparatively severe sentence imposed upon Miller and possibly one or two other defendants during this period may not be completely explainable on the basis of the particular circumstances surrounding their cases. No allegation was made that the variance was due to any wholly arbitrary consideration such as race, creed or religion.

5. The amended pretrial order contains no statement of fact to this effect, nor was any evidence along that line received at the district court hearing. But counsel for appellee did not dispute the assertion of counsel for Miller, made during the district court hearing, that the two of them had agreed that it could be assumed for the purpose of the argument that this was the fact.

The length of sentence within the statutory limits is a matter resting within the discretion of the sentencing court. In the federal judicial system a complaint that one convicted of a crime had received a more severe sentence compared to others convicted of the same offense would not prevail. See Marcella v. United States, 9 Cir., 285 F.2d 322, 324. No more may such a complaint prevail in a federal habeas corpus proceeding involving a state prisoner.

Affirmed.