Edward R. NEWHALL

v.

John BOYLE, Sheriff of Hampshire County as he is custodian of the House of Correction at Northampton, Mass.

Misc. Civ. No. 72–102–C.

United States District Court,
D. Massachusetts.

Nov. 20, 1973.

Daniel H. Kelleher, Boston, Mass., for petitioner.

Charles E. Chase, Asst. Atty. Gen., Commonwealth of Mass., Boston, Mass., for respondent.

## OPINION

CAFFREY, Chief Judge.

This is a petition for a writ of habeas corpus by Edward R. Newhall brought against John Boyle, Sheriff of Hampshire County and Custodian of the House of Correction at Northampton, Massachusetts. Petitioner is presently serving a sentence imposed in the Superior Court of Suffolk County, Commonwealth of Massachusetts. The facts which give rise to the petition are summarized as follows by petitioner in his memorandum of law in support of the granting of the writ:

"In the state court trial, fourteen persons, including Newhall, were placed on trial on a charge of conspiring to bribe Hanley (Indictment 11908, Exhibit "I", p. 1); one such defendant, Local Finance Company, was also tried for bribing Hanley; Hanley was tried on 19 indictments for requesting and accepting bribes.

The prosecution presented substantially all its evidence between August 16 and November 14, 1967. In that presentation the Commonwealth offered evidence which it expressly limited to certain defendants named in Indictment 11908, and other items which it expressly limited to the defendant Hanley (on indictments other than 11908). On November 14, 1967, the trial judge found that 8 defendants (Barber, Pratt, Household, Farrell, Glynn, Newhall, Beneficial, Local) had conspired as charged in 11908 together with American Investment Company, Redfield and Health. (Ex. 1, p. 44).

On November 30, 1967, the judge acted on 8 motions by the prosecution to admit 100 items of evidence, previously admitted against one or more defendants, against additional defendants, including Newhall. The judge denied the motions as to 17, and granted them as to 83 items. (Ex. 1, pp. 7–29). On December 12, 1967, after combining certain items so as to reduce the number to 66, the judge recalled each such item to the jury, stating that it had been further admitted against one or more of the eight found to have conspired. (Ex. 1, pp. 57–80). Those instructions (together with the original limitations) are shown on Figure 2. (See following page).

In no instance did the trial judge enlarge a limitation placed on evidence by the prosecution 'whether the limitation was stated when the evidence was originally offered, or was stated when the Commonwealth sought to enlarge the applicability of evidence. (Ex. 1, pp. 31–33). In his charge the judge instructed the jury that they must give effect to the limitations upon the evidence. (Ex. 1, pp. 82–83)."

On the basis of the above, petitioner contends (a) that the trial judge's rulings limiting the evidence to one or more of the various defendants who were on trial with petitioner deprived him of a fair trial and due process of law; (b) that the trial judge abandoned his judicial function to the Executive Branch of government in allowing the motion of the prosecutor to limit the evidence, and (c) that the rulings of the trial judge relative to the evidence were arbitrary and capricious.

■■ It is Hornbook law that a defendant in a criminal case has a right under the Fourteenth Amendment to the Constitution of the United States to be tried pursuant to substantive and procedural due process requirements. Rogers v. Richmond, 365 U.S. 534, 544–545, 81 S.Ct. 735, 5 L.Ed.2d 760 (1961). The Supreme Court has instructed us in Townsend v. Sain, 372 U.S. 293, 316, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), that a federal district court in the course of its conduct of a petition for habeas corpus must scrutinize the state court record to see if the totality of the circumstances contained in the record establishes error of constitutional dimension. Federal courts have been slow to find error of constitutional magnitude on the basis of either state court jury instructions or state court rulings with regard to the admissibility of evidence. Grundler v. North Carolina, 283 F.2d 798, 802 (4 Cir. 1960); LaBrasca v. Misterly, 423 F.2d 708, 709 (9 Cir. 1970); Bizup v. Tinsley, 316 F.2d 284, 285 (10 Cir. 1963).

■ Petitioner was convicted as one of the defendants in the so-called "Small Loans" case which, as a matter of common knowledge, was the lengthiest state court criminal trial in the history of the Commonwealth. It concededly was a trial involving complicated financial facts. The record before this court does not afford a basis to warrant petitioner's claim that the trial judge confused the jury in his instructions. The record (Petitioner's Ex. No. 1, pp. 81–89) reveals that the trial judge conscientiously and carefully gave detailed instructions to the jury at the time he filed the ruling relative to the prosecutor's motion to enlarge the scope of admissibility of the evidence and again at the end of the trial. The trial judge in fact ruled favorably to the defendants with the following admonition: (Id. at 88–89)

"If you find yourselves in a state of mind where you are unable to recall whether particular evidence was or was not admitted as to a particular defendant or count, then you may not consider that evidence as to that defendant or count."

The record also shows that in their closing argument counsel for each defendant summarized with particularity and in detail the evidence which was admissible to his individual client.

Petitioner herein is in the awkward position of in effect, arguing that the trial judge committed an error of constitutional proportions by not allowing all the evidence to be considered against him, and by reducing the amount of evidence which the jury could consider as against him.

This is analogous to complaining that the trial judge declined to allow the prosecutor to use an available cannon to shoot at a target and instead made him use a rifle with much less fire power or that instead of allowing the prosecutor to swing an available baseball bat at the defendant, he required him instead to use a less powerful fly swatter. In not allowing all of the evidence to be considered willy nilly by the jury against every defendant, it is obvious that the trial judge was following the admonition of the Supreme Court in Kotteakos v. United States, 328 U.S. 750 at p. 773, 66 S.Ct. 1239, at p. 1252, 90 L.Ed. 1557 (1946) where the court reminded trial judges

"When many conspire, they invite mass trial by their conduct. Even so, the proceedings are exceptional to our tradition and call for use of every safeguard to individualize each defendant in his relation to the mass."

The Supreme Court has likewise noted the danger of the jury's consciously or unconsciously transferring evidence admissible against only one or more of several defendants in a multi-defendant criminal trial to all the defendants, and has urged that trial judges use great care to avoid the occurrence of such a misapplication of the evidence. See, e. g., Delli Paoli v. United States, 352 U.S. 232, 237–239, 77 S.Ct. 294, 1 L.Ed.2d 278 (1957); Krulewitch v. United States, 336 U.S. 440, 451–453, 69 S.Ct. 716, 93 L.Ed. 790 (1949) (J. Jackson concurring); Blumenthal v. United States, 332 U.S. 539, 559–560, 68 S.Ct. 248, 92 L.Ed.2d 154 (1947); Kotteakos v. United States, *supra*.

In sum, the record shows that the rulings made by the trial judge of which petitioner now complains protected him from, rather than exposed him to, more evidence. Petitioner will not be allowed by this court to bite the hand that fed him his judicial rights during his trial. I rule that his claim of denial of substantive and procedural due process is not supported by the record before this court on the basis of which I rule the contention to be frivolous.

The petitioner's second contention, that by granting in part the prosecutor's motion to enlarge the admissibility of the evidence the trial judge abandoned his judicial responsibilities to a member of the Executive Branch, i. e., the prosecutor who made the motion, is so totally without support on the record as to so warrant no discussion other than the observation it exceeds in frivolity petitioner's contention described above. The cases of Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); In re Murchison, 349 U.S. 133, 75 S.Ct. 623, 99 L.Ed. 942 (1955), and Figueroa Ruiz v. Delgado, 359 F.2d 718 (1 Cir. 1966) relied on by petitioner are totally distinguishable from the instant case on their facts and lend no support to petitioner's contentions.

Finally, I rule that petitioner's contention that the trial judge's ruling which provided for selection rather than blanket enlargement of the evidence was an arbitrary and capricious ruling is totally devoid of support in the record. Accordingly, the petition for writ of habeas corpus is denied.